## AGRY *vs.* BETTS & *al.*

The adjudication of two Justices of the Peace and of the *quorum*, under *stat.* of 1822, *ch.* 209, upon the sufficiency of the officer's return of his having notified a creditor of the intention of an execution debtor to take the poor debtor's oath, is conclusive upon the parties. If the return be false, the creditor's remedy is by action against the officer.

DEBT upon a jail bond. The defence was, that the principal obligor had taken the poor debtor's oath before two Justices of the Peace and of the quorum, and had been discharged; and the proper record was introduced to show this fact. The record also recited, that upon examination by the Justices, of the return of the officer upon the notification previously issued to the creditor, it appeared to have been duly served.

To avoid the effect of this, the plaintiff proposed to show that, at the time of the alleged service of notice upon him, which was by leaving a copy at his last and usual place of abode in *Hallowell*, he was not an inhabitant of the State, having removed therefrom twelve or eighteen months previous. This evidence was objected to, and *Perham J.*, in the Court below, sustained the objection. A verdict was thereupon returned for the defendants, and exceptions were taken by plaintiff's counsel to the ruling of the Judge.

*Rogers*, for the plaintiff, endeavored to show that there had been in the proceedings before the magistrates, no compliance with several important requisitions of the statute, but in particular that requiring notice to the creditor. This notice is indispensable. The Justices had no power to administer the oath without it. *Little* v. *Hasty*, 12 *Mass.* 319; *Haskell* v. *Haven & al.* 3 *Pick.* 404.

Where a creditor lives out of the State, the service should be by copy upon his agent or attorney, if he have one, and if not, then with the Justice by whom the execution was issued. The service in this case, therefore, was clearly not what the statute required. As a general principle, no man's rights are to be affected without notice. *Putnam & al.* v. *Longley*, 11 *Pick.* 487; *Parker* v. *Danforth & Tr.* 16 *Mass.* 302; *Smith* v. *Rice*, 11

*Mass.* 507 ; *Chase* v. *Hathaway*, 14 *Mass.* 222 ; 3 *Black. Com.* 423.

The decision of the magistrates upon this question is not conclusive. The statute did not intend to confer any judicial power upon them. Their duty "to examine the notice," has relation principally to themselves, to their own justification, and is also for the benefit of the creditor. The adjudication without notice, therefore, was void, the Justices having no jurisdiction. 19 *Johns.* 39 ; 7 *Cowen*, 269 ; *Haskell* v. *Haven & al.* 3 *Pick.* 404 ; *Hall & al.* v. *Williams*, 6 *Pick.* 232.

This record exhibits a defect, inasmuch as it comes up made by *two magistrates*, while the statute says *one* of them should make it.

*Kent*, for the defendants, cited *Haskell* v. *Haven*, 3 *Pick.* 404 ; *Kendrick* v. *Gregory*, 9 *Geenl.* 22.

WESTON C. J. — The question submitted to our determination is, whether there has, or has not been a breach of the condition of the bond, declared on. The defendant relies upon the proceedings had before two Justices of the Peace, each of the quorum, for the county of *Somerset*, under the act for the relief of poor debtors, statute of 1822, *ch.* 209, which are certified to us by the same Justices, as a true copy of the record, remaining with them. By the fifteenth section of that act it is provided, "that one of said Justices shall always make proper entries and records of their proceedings, and enter judgment in due form, as in other cases." If the record when made, contained a certificate that it was done by one of the Justices, a copy authenticated by him alone, might be regarded as sufficient evidence. But it is in truth a record of the proceedings of the court holden by both Justices, and a copy may be verified by both, to which full credence is due, as a true copy of their record. The proceedings thus certified, are regular in all their parts, and are evidence, if not controverted, of such a discharge of the defendant, as saved the condition of his bond.

But it is insisted, that the requirements of the statute were not so far complied with, as to give jurisdiction to the Justices. It appears, and is not denied, that the defendant stood committed by

Agry v. Betts.

force of an execution, that he made complaint to a Justice of the Peace, under the twelfth section of the act, that the Justice issued his notification to the creditor, in the form therein prescribed, and that the same was returned, with an entry of service made thereon. This presents the very state of facts, under which the two Justices of the quorum were to be called to exercise their powers. By the thirteenth section, they are authorized and empowered to examine the return of the notification, and in their discretion to proceed further, if it appear to them to have been duly made. It is specially made a part of their jurisdiction, to examine and pass upon the sufficiency of the return. It is an act of judicial discretion, entrusted to them by law for their definitive determination. It is urged by the counsel for the plaintiff, that their decision ought not to be binding, because they had no means of knowing whether the officer's return was true or false. But the officer is, upon his responsibility, entrusted with the performance of this duty. The returns of officers upon process, returnable to other courts, are received as true, and not suffered to be controverted, leaving the parties injured to their remedy against them, if false. We see no reason why the same principle should not be applied to the return of notifications, authorized by the statute under consideration.

Authorities have been cited to show, that it is a violation of first principles to affect the rights of a party by judicial proceedings, who has never been notified, or had an opportunity to be heard. The doctrine is sound, and is respected, wherever there exists an enlightened administration of justice; but the question under discussion is, what shall be regarded as evidence of notice to the party. It has been wisely determined by the law, that of this the certificate of a class of officers, to whom this duty is confided, shall be conclusive. But so strict and rigid is the responsibility to which they are subjected, that if false, adequate redress is afforded by action to the party injured.

What has been once determined by a court of competent jurisdiction, is no longer an open question; except upon appeal, where it exists, or in some of the modes of revision, provided by law. And we are satisfied, that the court of the two Justices of

the quorum were in the exercise of their proper jurisdiction, when they passed upon the sufficiency of the return in question.

In *Little* v. *Hasey*, 12 *Mass.* 319, the Justices acted, not under the law then in force, but under one which had been repealed ; and this appeared upon the face of their proceedings. In *Putnam et al.* v. *Longley*, 11 *Pick.* 487, there being three creditors, service of the notification was made only on one, instead of being made on each, as the law required ; and it was holden that the objection was fatal. There was no question raised, as to the sufficiency of the testimony, by which this was made to appear. The fact was probably certified by the Justices. For had they found that service was made on all, their certificate would doubtless have been holden conclusive upon this point. And such was the opinion of the court in *Haskell* v. *Haven*, 3 *Pick.* 404, where *Parker C. J.* says, that if the two Justices have examined the return of the notification, made by the officer who served it, and find it duly made, their certificate must be conclusive evidence of this fact ; " for it is made by the statute the special duty of the magistrates to examine the return." Upon this point, the statute of *Massachusetts* is similar to our own.

*Exceptions overruled.*