## Benjamin Knight *vs.* Moses Norton & al.

The only mode of citing the creditor, under the *stat.* 1835, *c.* 195, and 1836, *c.* 245, is by a citation from a magistrate, issued on the complaint of the debtor to the prison keeper and on the application of the prison keeper to the magistrate.

Where the only notice to the creditor was issued by a magistrate on the application of the debtor, without any from the prison keeper, the Justices have no jurisdiction, or power to administer the oath, and their doings are illegal and void.

The *stat.* of 1835, *c.* 195, is peremptory, that in all cases where there has been a breach of the condition of the bond, taken under the provisions of that statute, the measure of damages shall be, " the amount of the execution and fees, and costs of commitment, with interest thereon at twenty-five per cent."

This was an action of debt on a bond dated *December* 26, 1836, in the penal sum of $68,62, and came before the Court upon a statement of facts, which sufficiently appear in the opinion of the Court.

*Codman & Fox,* for the plaintiff, commented on the poor debtor laws of 1822, 1831, 1835, and 1836, and cited *Burroughs* v. *Lowder,* 8 *Mass. R.* 373 ; *Call* v. *Hagger, ib.* 423 ; *Clap* v. *Cofran,* 10 *Mass. R.* 373 ; *Little* v. *Hasey,* 12 *ib.* 319 ; *Cargill* v. *Taylor,* 10 *ib.* 206.

*W. P. Fessenden,* for the defendants, contended, that upon a fair construction of the *stat.* of 1835, *c.* 195, and of 1836, *c.* 245, that whenever the debtor gave bond without being committed to prison, the application for the notice should be made directly to the justice by the debtor, as in this case ; and that application should be made by the jailer, only in cases where the debtor was actually in prison, and had not the power to make a personal application. He also contended, that there was a compliance with the condition of the bond ; that the creditor was notified, and the oath administered ; and that even if there was not a strict compliance in every particular, the damages should be but nominal. *Winthrop* v. *Dockendorff,* 3 *Greenl.* 156.

After a continuance for advisement, the opinion of the Court was drawn up by

SHEPLEY J. — The acts for the relief of poor debtors have been so numerous and so defective in their provisions, that it is no matter of surprise, that they have been the occasion of many suits. The act of 1835, c. 195, provided, that a debtor arrested or imprisoned on execution upon giving bond conditioned, that within six months he would cite the creditor and submit himself to examination and take the oath prescribed by the tenth section, or pay the debt, interest, costs and fees, should be discharged; but no express provision was made to whom the bond should be taken, nor was any mode pointed out for citing the creditor, nor any authority given to notify his agent or attorney in case of his not being a resident within the State. The design of the act of 1836, c. 245, seems to have been among other things to provide a remedy for these defects. And the fourth section provides, that the bond required by the eighth section of the act of 1835, shall run to the creditor; and the fifth section provides, that any person arrested or imprisoned on any execution, or warrant for taxes, by the giving the bond referred to in the fourth section, which is the same required by the eighth section of the act of 1835, shall be discharged; and that the debtor giving bond as aforesaid may cite the creditor and take the oath provided in the seventh section, which oath is substituted for that contained in the tenth section of the act of 1835. How is the debtor to cite the creditor? The only provision in reference to it is in the same fifth section in these words, "and in other respects complying with the provisions of the ninth and tenth sections of the act to which this is supplementary." The ninth section referred to provides, that a person committed, and in prison, shall make a written complaint to the keeper, who shall apply to a justice of the peace of the county, by whom the notification is to be made out, which is to be served upon the creditor or his attorney in the manner there provided. The design seems to have been to adopt in all respects the same mode for the application, notice, service, and subsequent proceedings as is provided in cases when the debtor is in prison. And it is practicable to do this, for the debtor will not be obliged to be committed to enable him to make such an application to the keeper to whose custody he should have been commit-

Knight *v.* Norton.

ted, if he had not given the bond. He has but to present him-self, being at large, to the keeper to make the request or com-plaint, and the statute impliedly at least authorizes the keeper there-upon to proceed as he would if in his custody. In conformity to the provisions of the tenth section referred to, the certificate that the debtor has taken the oath should be lodged with such prison keeper instead of with the clerk or magistrate issuing the execution.

In this case the debtor himself applied to the magistrate instead of to the keeper of the jail, and the certificate was lodged with the clerk instead of the prison keeper.

It may be said, that the notice would be equally effectual wheth-er made out upon the application of the debtor, or the prison keeper; and it undoubtedly would be so, and other modes of giving notice equally effectual might be named, but the answer is, those are not the modes provided by the legislature, and the Courts cannot de-termine, that other modes apparently equally satisfactory, shall be substituted for those, which the law has prescribed.

The preliminary proceedings must be in conformity to the pro-visions of the statute to give the justices jurisdiction, and authorize them to act. This appears to have been the intention of that pro-vision in the tenth section, which declares, that the justices shall " examine the notification and return, *and if regular*, *and in due form*, may hear," implying that if not regular and in due form, they have no authority to proceed. And such was the decision in the case of *Putnam* v. *Longley*, 11 *Pick.* 487.

The case of *Agry* v. *Betts*, 3 *Fairf.* 415, decides that the cer-tificate of the magistrates is conclusive as to the fact of notice, but not as to the form and regularity of the papers issued.

The rule for assessing damages, adopted in the case of *Winthrop* v. *Dockendorff*, 3 *Greenl.* 156, cannot be applied here. In that case, the statute was considered as authorizing a judgment accord-ing to equity and good conscience. The statute of 1835 prescribes in case of forfeiture of the bond the judgment to be rendered, and leaves the Court, no discretionary power. And although the agreed statement of facts authorizes the Court to make up judgment for such sum as it " may adjudge due in equity and good conscience,"

---

it cannot exercise any power thus granted in violation ~~of~~ the provisions of the statute.

*Judgment for plaintiff.*

The judgment was directed to be made up by reckoning interest on the debt only from the judgment to the time of the breach of condition of the bond; and after breach, by reckoning 25 per cent. interest on the debt, costs, and ~~of~~ ~~suit~~ of commitment.

An alteration has been made in the mode of estimating the amount of damages on breach of the condition of a poor debtor's bond, and in the manner of citing the creditor, by *stat.* 1839, *c.* 366, and 412.