JOHN WARE *vs.* CHRISTOPHER B. ASH *& al.*

The *stat.* 1835, *c.* 195, for the relief of poor debtors, provides that the debtor shall cite the creditor to appear before the Justices at the time he submits himself to examination and takes the oath, but points out no mode in which it shall be done.

Where the statute points out no mode by which the debtor shall notify the creditor of the time and place of his submitting himself to examination and taking the oath, and a citation is issued from a magistrate *on the application of the debtor only* and duly served on the creditor, and the notice is adjudged by the Justices who administered the oath to have been given *according to law,* such notice is sufficient.

AT the trial, before WESTON C. J. a nonsuit was entered by consent; and if the opinion of the Court should be, that the action could be maintained, the nonsuit was to be set aside, and the action stand for trial. The facts in the case appear in the opinion of the Court.

The case was submitted without argument, by *Hutchinson,* for the plaintiff, merely citing *Knight* v. *Norton,* 15 *Maine R.* 337; and by *Rogers,* for the defendants.

The opinion of the Court was by

WESTON C. J. — The bond in suit in this case, was given in virtue of the statute of 1835, *c.* 195, § 8. It does not therefore

fall within the principle of the case of *Knight* v. *Norton & al.* 15 *Maine R.* 337, which was based upon the subsequent statute of 1836, *c.* 245. The statute of 1835, § 8, pointed out no mode, by which the creditor was to be cited. It was one of the conditions of the bond, that the debtor was to cite the creditor. He did this, by availing himself of the sanction and authority of a Justice of the Peace. As the time and place, when and where the creditor was to appear, and the object of the citation, is stated with precision, we are of opinion, that in the absence of any prescribed statutory mode, it ought to be held sufficient; more especially as the Justices, who had jurisdiction of the subject matter, so regarded it. And this alone is decisive of the sufficiency of the notice. *Agry* v. *Betts*, 3 *Fairf.* 415.

In the citation, *Cornville*, the residence of the creditor, is erroneously stated to be in the county of *Penobscot*, instead of the county of *Somerset*; but it was served upon the creditor in person, by a deputy sheriff of *Somerset*. The Justices find and certify, that he was notified according to law. He was fully apprised of the time, place and purpose, set forth in the citation. It does not appear to us, that the error therein in regard to the county, can or ought to have the effect to vitiate the proceedings. From the certificate of the Justices, it appears that the poor debtors' oath was duly administered to the principal defendant.

*Nonsuit confirmed.*