*Trustees discharged.*

## ASA HANSON *vs.* THOMAS DYER & *al.*

If the preliminary proceedings, under the *statute* of 1835, *c.* 195, for the re-
lief of poor debtors, have all been regular, and the Justices have jurisdiction
of the question, and they proceed to examine the notification to the creditor
and the return of service thereon, and duly certify that the creditor was no-
tified according to law, of the intention of the debtor to take the oath ; their
adjudication, until reversed, is conclusive upon the parties.

The service of such notification by *reading* the same to the creditor, instead
of leaving a copy, is insufficient.

THE facts were agreed, and from them it appeared that the
plaintiff obtained judgment and execution against *Dyer*, and that
he was duly committed to jail on *January* 24, 1838, and on that
day gave the bond now in suit to obtain his release from imprison-
ment, in common form. *July* 5, 1838, *Dyer* took the poor debt-
or's oath before two Justices of the Peace and of the quorum.
The Justices in their certificate state, " that said *Thomas Dyer*
hath caused *Asa Hanson*, the creditor at whose suit he was so
committed, to be notified according to law, of his, the said *Thomas
Dyer's*, desire of taking the benefit of the act," &c. A citation
was duly issued to the creditor by a Justice of the Peace, on the
application of the keeper of the jail, on which the following re-
turn was made. " *Cumberland ss. June* 19, 1838. I have this
day served the above notification upon the abovenamed *Asa Han-
son* by *reading* the above citation in his presence and hearing.

"*William Cousens*, Deputy-Sheriff."

It was agreed, that if open to inquiry, *Hanson* was notified
in no other way. All the other proceedings were according to law.

*Dyer* at the time of giving the bond, and ever since, was wholly destitute of property, and has ever since remained at his usual place of abode in the *County* of *Oxford,* and the creditor in fact sustained no loss by having the service made by reading instead of a copy. The creditor did not attend at the time and place appointed for administering the oath. A nonsuit or default was to be entered according to the opinion of the Court.

*Dunn,* for the plaintiff, contended, that the *statute* of 1835, *c.* 195, § 9, expressly required that the service of the notice to the creditor should be made by leaving a copy, and not by reading. The alleged service in this case is a nullity. Nor is the plaintiff precluded from showing the truth by the certificate of the Justices. The case of *Agry* v. *Betts,* 3 *Fairfield,* 415, has been overruled by the case of *Knight* v. *Norton,* 3 *Shepl.* 337.

*S. Emery,* for the defendants, said, that the record of the Justices shew, that they adjudged that the plaintiff had been notified according to law. This is conclusive. *Agry* v. *Betts,* 3 *Fairf.* 415. This case is not like *Knight* v. *Norton,* for here the application came from the jailer, and the Justices had jurisdiction.

But if the plaintiff is entitled to recover, his damages can be but nominal. It is within the letter and spirit of the *stat.* of 1839, *c.* 366, for the relief of sureties on poor debtors' bonds.

The opinion of the Court was by

SHEPLEY J. — It appears by the agreed statement of facts, that the debtor took the oath before two Justices of the Peace and of the quorum, as required by the statute, and was discharged ; and that all the proceedings were regular and in due form except the service of the citation. The debtor must therefore have made a written complaint to the keeper of the jail, and the keeper to a Justice of the Peace, who must have made out a notification to the creditor as required by the ninth section of the act of 1835, *c.* 195. These preliminary proceedings being all regular the Justices had jurisdiction of the question, and as required by the tenth section, they proceeded to examine the notification and return of service, and decided, that they were regular and in due form, and they administered the oath, " and made out a certificate thereof in the

form therein prescribed," that is, in the form prescribed in the tenth section of the act, and in it among other things the Justices certify, that the prisoner "hath caused *Asa Hanson*, the creditor at whose suit he was so committed, to be duly notified according to law." They erred in judgment in deciding that the service, which is now produced, was according to law; but they did so decide upon a matter over which they had jurisdiction; and the decision of a tribunal having jurisdiction of the subject matter, is conclusive until reversed. And it was upon this principle that the case of *Agry* v. *Betts*, 3 *Fairf.* 415, was decided.

But it is alleged in the argument, and the like position has been taken in another county, that the decision in *Agry* v. *Betts* has been varied or overruled by the case of *Knight* v. *Norton*, 15 *Maine R.* 337.

It has been with no little surprise, that the court has perceived, that such an opinion has to some extent prevailed. In the case of *Knight* v. *Norton*, no one of the preliminary proceedings had been in conformity to the provisions of the statute. The Justices had no legal papers before them to act upon. They had in contemplation of law nothing before them; and of course had no jurisdiction of the subject matter upon which they proceeded to act. And this was the ground of that decision, and it was so stated in the opinion, which says, "the preliminary proceedings must be in conformity to the provisions of the statute to give the Justices jurisdiction and authorize them to act." That the judgment of a tribunal which has no jurisdiction, is wholly inoperative and void, was supposed to be so unquestionable and so well understood, that it was not deemed necessary so to state for the purpose of distinguishing it from the case of *Agry* v. *Betts*, where the Justices had jurisdiction. The two cases were decided upon facts and principles wholly different, and it is not now perceived how a decision could have been differently made in either case consistent with the first principles of jurisprudence.

It has been supposed also, that the words, " may cite the creditor," contained in the fifth section of the act of 1836, made all the provision, which was intended by the legislature respecting the person by whom, and the manner and form in which, the citation should be issued; and that the words, " in other respects complying

Hanson *v.* Dyer.

with the ninth and tenth sections of the act to which this is supplementary," refer only to the time and manner of serving the notice or citation and to the after proceedings before the Justices.

Every previous act of the legislature of *Massachusetts* before the separation, and of this State since, providing for the discharge of the debtor in execution, from imprisonment by taking the oath, had provided to whom the debtor should apply for a citation, and that he should state, that he had no estate to support himself and that the citation should be under the hand and seal of the Justice. And it would be a most extraordinary construction, that should from the use of such language infer, that the legislature, after legislation had existed upon it so carefully for more than fifty years, designed to omit all legislative provision upon the subject; and to place it in the power of the debtor by such authority or the want of it, and in such form, as he pleased to make out the citation. It would allow him to dispense with the allegation, that he had no estate; to select an unsuitable time, or place, and one known to be inconvenient for the creditor; and to dispense with all official character upon which the creditor might rely that it came from competent authority. And such a construction is to be made too, when it was equally if not more apparent from the language itself, that the legislative control was designed to be continued over it by the reference to another statute.

In the present case upon principle and upon authority, the judgment of the Justices having jurisdiction was conclusive.

*Plaintiff nonsuit.*