## Ezra Carey *vs.* James Osgood & *al.*

Under the poor debtor acts of 1835 and 1836, the certificate of two justices of the peace and of the quorum, that the debtor had notified the creditor according to law of the time and place of examination and administering of the oath to .the debtor, is conclusive evidence of that fact, in a suit upon the bond.

Parol evidence, therefore, that a notice of but *fourteen days* was in fact given, when the law requires fifteen at least, is inadmissible.

Debt on a bond given by *Osgood,* as principal, and the other defendants as sureties, dated *June* 6, 1839, to procure the liberation of *Osgood* from arrest on an execution against him in favor of the plaintiff, under the poor debtor acts of 1835 and 1836.   On *December* 6, 1839, *Osgood* submitted himself to examination before two justices of the peace and of the quorum, and was admitted to take the poor debtor's oath and discharged.   The justices certified, that *Osgood* had caused " *Ezra Carey,* of, &c., the creditor at whose suit he was so arrested, to be notified according to law, of his, the said *Osgood's,* desire of taking the benefit of the acts for the relief of poor debtors."   The plaintiff offers to prove, by parol, if the same be legally admissible on objection being made thereto, that the notice was given but fourteen days before the said sixth day of *December,* 1839, when the statute requires at

least fifteen. The plaintiff did not attend on the sixth of *December*, and an appraisement was made of certain property to satisfy the execution.

In their statement of facts, the parties agreed, that if the plaintiff was entitled to recover, judgment was to be entered for him ; and if not, he was to become nonsuit.

*C. Washburn,* for the plaintiff, contended : —

That the acts of the justices, where they have no jurisdiction, may be avoided by plea or evidence. *Haskell* v. *Haven,* 3 *Pick.* 401. The certificate of the justices, that legal notice had been given, is not conclusive. The failure to notify the creditor is a fatal defect, and renders the subsequent acts of the magistrates wholly ineffectual. *Slasson* v. *Brown,* 20 *Pick.* 436.

The preliminary proceedings must be in conformity to the provisions of the statute, to give the justices jurisdiction. *Putnam* v. *Longley,* 11 *Pick.* 481.

No legal service of the notice having been made upon the plaintiff, the justices had no power to act, and it comes within the principle of the case *Knight* v. *Norton,* 3 *Shepl.* 337.

*Howard & Osgood,* for the defendants, contended : —

That the certificate of the justices, that the execution creditor was notified according to law, is to be received as conclusive evidence of that fact. *Black* v. *Ballard,* 1 *Shepl.* 239 ; *Agry* v. *Betts,* 3 *Fairf.* 415. The *st.* 1835, *c.* 195, § 10, makes it the duty of the justices to examine the notification and return, and if regular and in due form, to proceed. The objection to the notice should have been made before the justices. By the statute, they are made the tribunal to settle the question. Whether the papers were in proper form or not, was expressly submitted to the decision of the Court, by the parties, in their statement of facts in *Knight* v. *Norton,* and this question was not before the Court. The statute of *Massachusetts* is wholly different from ours, and their decisions on this subject have no application.

The opinion of the Court was drawn up by

Weston C. J. — It appears to us, that the opinion of this Court, in *Agry* v. *Betts et al.* 3 *Fairf.* 415, is well sustained, upon legal principles, and that it is decisive in this case. The

language of the statute of 1822, *c.* 209, § 13, there commented upon, authorizes the justices to examine the return of the notification ; and if it shall appear to be duly made, to administer the oath. The statute of 1835, *c.* 195, § 10, provides, that the justices may examine the notification and return, and if regular and in due form, are to proceed ; and if they administer the oath, they are required to certify, that the debtor had caused the creditor to be notified according to law. Upon this point, we perceive no substantial difference between the statute of 1822 and of 1835. The latter gives to the justices jurisdiction and power to examine the notification and the return. This necessarily confers the power to decide upon their correctness. They examine with a view to decide. The examination could have no other object; and their decision upon this point, is to be made a part of their certificate.

*Slasson* v. *Brown et al.* 20 *Pick.* 437, has been cited as an opposing authority. That depended upon the revised law of *Massachusetts, c.* 98, for the relief of poor prisoners. That statute confers no power upon the justices, to examine the notification and return. It does not therefore conflict with *Agry* v. *Betts,* the statute of *Massachusetts* not containing the provision, which was the ground of that decision.

Regarding the certificate of the justices as conclusive, the evidence proposed, with a view to control it, is not legally admissible. The appraisal of the notes has had no influence upon the conclusion, to which we have arrived.

*Judgment for the defendants.*