## Granite Bank *vs.* Nathaniel Treat & *al.*

In an action upon a bond given to procure the release of a debtor arrested on execution, not only can the proceedings of the justices who admitted the debtor to take the oath, be proved by their record, or by a copy thereof, but the certificate of the justices is also competent evidence.

No presumption is to be made in favor of inferior tribunals, and therefore the jurisdiction of the justices must appear upon the face of the proceedings.

Where the certificate of the justices states their own character, the parties to the process, the commitment of the debtor, his desire to take the oath, and that he had caused the creditor to be notified according to law; these facts are sufficient to make out a *prima facie* case of jurisdiction.

The certificate however would not be conclusive on this point, and it would be competent for the plaintiff to prove that they had not jurisdiction.

Where the condition of the bond does not expressly require, that the certificate should be filed with the keeper of the prison, the bond is not forfeited by the omission to file it.

Exceptions from the Middle District Court, Redington J. presiding.

Debt on a bond, dated *Feb.* 15, 1838, given by *Shaw*, a debtor in execution, as principal, and by *Treat* as surety, under the acts for the relief of poor debtors. The condition of the bond was in the common form, and contained no stipulation that the debtor should file the certificate of his discharge with the prison keeper. The plaintiffs proved the signatures and execution of the bond, and introduced it in evidence, but offered no other proof.

The only evidence offered by the defendants was a certificate of two justices of the peace and of the quorum, in the form required by the poor debtor acts, stating that *Shaw* did take the oath before them *July* 28, 1838. There was no evidence, that the certificate was ever filed with the prison keeper, or at his office, but was delivered by one of the justices, to the counsel for the defendant at the trial. The certificate showed, that the creditor was duly cited and notified of the time and place of caption. The counsel for the plaintiffs objected to the admission of this certificate, but the Judge overruled the objection, and admitted it in evidence. The plaintiffs then objected, that the same as the case then stood, did not amount to a full answer and defence to the plaintiffs' case.

Granite Bank *v.* Treat.

The Judge ruled, that if the plaintiffs did not present further evidence, the certificate was a full and sufficient answer and defence.

The plaintiffs excepted to the ruling of the Judge.

*H. W. Fuller, jr.* in his argument for the plaintiffs, with other grounds, contended, that the defendants were bound to show that the magistrates had jurisdiction, before their defence was made out. The jurisdiction of the magistrates depends entirely upon the regularity of the previous proceedings, and they must be shown to have been correct by the defendants, before the certificate of discharge can be evidence. Nothing will be presumed in favor of the jurisdiction of inferior magistrates, and it is the duty of the defendants to prove it affirmatively. *Knight* v. *Norton,* 3 *Shepl.* 337.

It is the duty of the justices to make and keep a record of their proceedings " and enter up judgment in due form as in other cases." *Stat.* 1822, *c.* 209, § 14. The proceedings necessary to give the justices jurisdiction should be upon the record, and their own proceedings and adjudications. These must be proved by the record. It is not enough to say that such things have been done and performed, but they must be proved to have been done by the proper evidence, the record. *Kendrick* v. *Gregory,* 9 *Greenl.* 22; *Murray* v. *Neally,* 2 *Fairf.* 241; *Vose* v. *Howard,* 1 *Shepl.* 268.

The certificate was not properly admitted because it had never been filed with the jailer. It can be of no avail until it has been thus filed. *Stat.* 1835, *c.* 195, § 10; *Knight* v. *Norton,* before cited.

No case has gone so far as to say that the certificate is conclusive evidence of the jurisdiction, but only as to certain facts. In *Slasson* v. *Brown,* 20 *Pick.* 436, the court permitted the plaintiff to go behind the return of the magistrates, and contradict the certificate.

*Vose,* for the defendants, contended, that the certificate of the justices was, *prima facie,* evidence of the fulfilment of the conditions of the bond. It was decided to be conclusive evidence in *Black* v. *Ballard,* 1 *Shepl.* 239, and in *Agry* v. *Betts,* 3 *Fairf.* 415.

The case cited from 20 *Pick.* merely decides that the certificate

is not conclusive evidence, and it was there held to be, *prima facie,* sufficient. That case does not conflict with the ruling of the District Judge in this case. The plaintiffs had the opportunity to contradict the certificate, if they could.

The condition of the bond does not require that the certificate should be lodged with the jailer, and therefore it becomes unnecessary to inquire how far the omission may influence a case where it does.

The opinion of the Court was by

SHEPLEY J. — It should appear that the magistrates had jurisdiction, to make their record or certificate evidence of the facts therein stated. It is said, that there is not sufficient evidence in this case to prove it, because they are required to keep a record, which is the best and only proper evidence of their proceedings.

The statute, *c.* 195, § 10, provides, that the justices shall make out a certificate and deliver it to the debtor ; and it makes it the evidence upon which the prison keeper is required to discharge him, and the evidence of his exemption from imprisonment on that or any other execution to be issued on the same judgment or any other judgment founded thereon. In the cases of *Kendrick* v. *Gregory,* 9 *Greenl.* 22 ; *Murray* v. *Neally,* 2 *Fairf.* 241 ; and *Agry* v. *Betts,* 3 *Fairf.* 415, copies of the proceedings, or the originals, appear to have been introduced ; and while it is decided that a copy of the record is competent and proper evidence, no one of the cases decides, that the certificate is not also evidence. On the contrary it stated in *Kendrick* v. *Gregory,* that the proceedings of the justices may be proved by their record " as well as by a certificate founded on the record."

The certificate was stated to be evidence also in the case of *Black* v. *Ballard.*

It is true as stated in the argument, that no presumption is to be made in favor of an inferior tribunal. Its jurisdiction must appear on the face of its proceedings. Their certificate in this case states their own character, the parties to the process, the commitment of the debtor, his desire to take the oath, and that he had caused the creditor to be notified according to law ; and these facts are sufficient to make out a prima facie case of jurisdiction. The certifi-

cate however would not be conclusive on this point, and it would be competent for the plaintiff to prove that they had not jurisdiction. *Smith* v. *Rice*, 11 *Mass. R.* 507. And the cases, which have decided that the record or certificate was conclusive evidence of the facts therein stated, did not decide it to be so in cases where it appeared that the justices had no jurisdiction.

It was decided in *Kendrick* v. *Gregory*, and in *Murray* v. *Neally*, that a neglect to file the certificate with the prison keeper was no breach of the bond under the statute of 1822, and the statute of 1835 does not materially differ from it on that point. It is said that the creditor may be wholly unable to ascertain whether the debtor has taken the oath, if the certificate be not filed. It may be very desirable that it should be filed, and that the condition of the bond should require it; but the court cannot decide, that the bond is forfeited for an omission to do an act not required by it.

*Exceptions overruled.*