EBENEZER H. NEIL *versus* ENOCH FORD & *al.*

In an action upon a poor debtor's bond, made prior to the statute of 1839,
c. 366, *it was held*, that if it appeared that the Justices, who administered
the oath to the debtor, had acted only in pursuance of a citation issued
on an application made directly to the magistrate by the debtor, instead of
from the prison keeper as the law then required, that they had no jurisdic-
tion of the matter, and that their proceedings would have been illegal and
void, if the legislature had not interposed by that statute, and given to
the defendants the right to have the action tried by a jury, to ascertain the
amount of loss actually sustained, if any, as the measure of the plaintiff's
damages.

On such trial, if it be shown, that the oath had been administered by the
magistrates, it is still competent for the plaintiff to prove, " that at the time
the oath was administered to the debtor, there was personal property, money,
debts, credits, or real estate belonging to the debtor in the hands of his sure-
ty on the bond, sufficient, in whole or in part, to pay the execution referred
to in said bond."

EXCEPTIONS from the Middle District Court, REDINGTON J.
presiding.

Debt upon a poor debtor's bond, dated Dec. 18, 1837, in
the penal sum of $84,34.    The bill of exceptions referred to
papers, which were not copied as part of the case.    The facts,
however, appear in the opinion of the Court.    The exceptions
were filed by the plaintiff.

This case was continued at the June Term, 1842, to be ar-
gued in writing.    If any arguments were furnished, they have
not fallen into the hands of the Reporter.

*D. & L. Kidder*, for the plaintiff.

*Greene*, for the defendants.

The opinion of the Court was prepared by

SHEPLEY J. — This was a suit upon a poor debtor's bond.
The defence presented was a performance of the condition.
To establish it a certificate of two justices of the peace and of
the quorum was introduced, which stated, that the debtor had
caused the creditor to be notified according to law, and that
the legal oath had been administered to him within the time
prescribed.    This would have been sufficient unless controlled
by other testimony showing, that the justices had no jurisdic-

tion of the case. *Granite Bank* v. *Treat,* 6 Shepl. 340. The bill of exceptions states, that " the plaintiff then read, no objection having been made, the citation to plaintiff dated 19th of December, 1837, with the officer's return thereon dated Dec. 30, 1837." From inspection of these papers, which are made part of the case, it appears, that the application of the debtor was made to a justice of the peace and not to the keeper of the prison, and that the citation was issued on that application. This testimony, having been admitted without objection, was legally before the Court. It is one of the first principles of law, that the Court must notice and consider all the legal testimony introduced, in coming to a conclusion upon the rights of a party. The facts stated in the testimony were apparent. The statutes of 1835, c. 195, and of 1836, c. 245, had received a construction, which determined, that the legal mode of procuring a citation was by an application to the prison keeper. *Knight* v. *Norton,* 3 Shepl. 337 ; *Hanson* v. *Dyer,* 5 Shepl. 96. The process, which formed the substratum for the proceedings of the justices in this case was not then such a process as the statutes required. It was not merely an erroneous ; it was an illegal process. And this Court decided, in the first of the two cases before named, that the application being the foundation of all subsequent proceedings, must be in conformity to the statute provisions to give jurisdiction to the justices. This was but the statement of what was supposed to have been a well established and admitted doctrine. It was no new doctrine. It had been declared by the highest judicial Courts in other states to have been an old and established doctrine. In the case of *Bigelow* v. *Stearns,* 19 Johns. R. 39, C. J. Spencer, in delivering the opinion of the Court, said, " I consider it perfectly well settled, that to justify an inferior magistrate in committing a person, he must have jurisdiction not only of the subject matter of the complaint, but also of the process ; and person of the defendant." He also said, " if a Court of limited jurisdiction issue a process, which is illegal, and not merely erroneous ; or if a Court, whether of limited jurisdiction or not, undertakes to hold cognizance of a cause

without having gained jurisdiction of the person by having him before them in the manner required by law, the proceedings are void ; and in the case of a limited or special jurisdiction the magistrate attempting to enforce a proceeding founded on any judgment, sentence, or conviction, in such case becomes a trespasser." The same doctrine had been declared in the case of *Smith* v. *Rice*, 11 Mass. R. 513. Mr. Justice Jackson, in delivering the opinion of the Court, said, " but if it appear, that the Judge of Probate has exceeded his authority ; or that he has undertaken to determine the rights of parties, over whom he has no jurisdiction, whether the want of jurisdiction arise from their not having been duly notified, not regularly before him, or from any other cause ; or that he has proceeded in a course expressly prohibited by law ; in all such cases the party aggrieved, if without any laches on his part, he has had no opportunity to appeal, may consider the act or decree as void." The same doctrine was again stated in the case of *Slasson* v. *Brown*, 20 Pick. 439, by Mr. Justice Dewey in delivering the opinion of the Court. That was a case arising out of a suit upon a poor debtor's bond ; and one of the questions presented was, whether the justices had jurisdiction because there was a misnomer in the notice to the creditor. The opinion states, " the ground of defence in a case like the present is, that the magistrates had no jurisdiction of the case. This want of jurisdiction arises from the failure on the part of the debtor to comply with the regulations of the statute."

In the case now under consideration, the application to the justice not being in conformity to the provisions of the statutes, was illegal, and being the foundation of all the subsequent proceedings, the justices had no jurisdiction of the case ; and their proceedings must have been adjudged void, if the legislature had not interposed by the statute of 1839, c. 366 ; which provides in cases like the present, that the defendants shall have a right to have the action tried by a jury, who, if the party has not sustained any damages, may return a verdict for the defendants " notwithstanding there may have been in law

a breach of the condition of the bond. And the plaintiff in such action may introduce any proper evidence tending to show, that the surety or sureties of such debtor had in his or their hands and possession at the time of the administration of said oath to said debtor personal property, money, debts, credits or real estate, of the property of such debtor sufficient in whole or in part to pay the execution referred to in said bond." The bill of exceptions states, " the plaintiff then offered to prove, that at the time the oath was administered to Ford there was personal property, money, debts, credits, or real estate belonging to said Ford in the hands of his surety, Palmer, sufficient in whole or in part to pay the execution referred to in said bond;" and that such proof was rejected. It will be perceived, that the plaintiff was entitled to the introduction of such proof, and that it was erroneously excluded.

*Exceptions sustained.*