JOSEPH BAKER *versus* JOHN A. HOLMES & *al.*

When the tribunal for taking the disclosure of a poor debtor, under the provisions of the statute, c. 148, composed of two justices of the peace and of the quorum, has been duly organized so as to acquire jurisdiction of the case, its judgment, contained in a certificate declaring that the debtor " hath caused the creditor to be notified according to law," is conclusive ; and " evidence proposed with a view to control it, is not legally admissible."

It appears to have been the intention of the framers of the poor debtor act in the Revised Statutes, to submit the question of the legality and sufficiency of the notice to the creditor, to the decision of the justices, and to make their decision conclusive.

THE parties agreed to submit this action for the decision of the Court upon the following statement of facts.

This is an action on a poor debtor's bond in common form. On the 26th day of September, 1846, said Holmes disclosed at Portland before J. W. Munger, chosen by the debtor, and Charles Harding, chosen by R. A. Bird, deputy sheriff of Cumberland county. The creditor did not appear.

Said justices administered the oath, and gave the certificate, conformable to the provisions of the statute.

It is proveable, that the application and citation, being a usual printed blank which was served upon the creditor, and on which the disclosure was made, was filled up entirely (with

the exception of the signatures of the debtor and justice) by R. A. Bird, then and still a deputy sheriff of Cumberland county, duly qualified and acting as such ; and if such proof be legally admissible, which question is presented to the Court, then these facts are admitted.

The Court is to render such judgment by nonsuit, or default, as the law upon these facts will authorize.

*Baker, pro se,* among other objections to the validity of the certificate of discharge, insisted that the notice to the creditor was wholly void, having been filled out by a deputy sheriff of the county, contrary to the provisions of Rev. Stat. c. 104, § 38. The word process is broad enough to include this notice. Many parts of the statutes and several cases were cited to show, that this position was tenable.

Where the court has no jurisdiction, the certificate, however formal, is wholly void. 15 Maine R. 337 ; 18 Maine R. 120 and 340 ; 21 Maine R. 206 ; 23 Maine R. 26 and 144 ; 24 Maine R. 166 and 196.

A void notice can give the court no jurisdiction. It is not proposed to contradict the facts stated in the certificate, but to show, that the persons signing it had no jurisdiction of the matter, and no power to act.

*Codman* and *Fox,* for the defendants.

The opinion of the Court was by

SHEPLEY J. — The case is presented upon an agreed statement. The suit is upon a bond made by a debtor and his surety, according to the provisions of statute, c. 148, § 20. Two justices of the peace and of the quorum, one chosen by the debtor and the other by a deputy of the sheriff, in the absence of the creditor, examined the notification, took the disclosure of the debtor, administered to him the oath, and gave him a certificate in the form prescribed by the thirty-first section of the statute.

When the tribunal composed of the two justices appears to have been duly organized so as to acquire jurisdiction of the case, its judgment, contained in the certificate declaring, that

the debtor " hath caused the creditor to be notified according to law," is conclusive ; and " evidence proposed with a view to control it, is not legally admissible." *Carey* v. *Osgood*, 18 Maine R. 152; *Colby* v. *Moody*, 19 Maine R. 111; *Cunningham* v. *Turner*, 20 Maine R. 436.

It is still insisted, that evidence may be admissible for the purpose of shewing, that the justices had no jurisdiction, to prove that a blank printed for a notice to the creditor, was filled out by a deputy of the sheriff. By the documents presented before them, they would appear to have jurisdiction. Those documents must have been regarded as valid by them until their validity was impaired or destroyed by extrinsic testimony. They could not hear such testimony without having jurisdiction over the case. If the testimony could be admitted, it might not therefore have such an effect as the argument supposes. But it appears to have been the intention of the framers of the revised, as well as of former statutes, *in pari materia*, to submit the question of the legality and sufficiency of the notice to the decision of the justices, and to make their decision conclusive. The statute, by such a construction, does not operate unjustly. For the creditor has an opportunity to make objections to the validity and sufficiency of the notice before the legally constituted tribunal. And there is little reason for a construction, that could allow him, when he appears in fact to have had notice, to omit to make his objections to its validity before the proper tribunal, and afterward to insist upon them, when it is too late for a surety, who may have been attentive, to cause a strict performance of his bond, to escape from the consequences of a forfeiture.

*Plaintiff nonsuit.*