LOWE *versus* DORE & *al.*

In suit upon a poor debtor's bond, the decision of the justices of the quorum is conclusive as to the correctness of the notice to the plaintiff of the time, place and intent to take the poor debtor's oath.

DEBT upon a poor debtor's bond. The trial was before TENNEY, J. The defence was that the debtor had taken the statute oath. That defence was resisted on the ground, that the plaintiff had not been duly notified. He offered evidence to prove that fact. The evidence would show that the notice was served on the plaintiff's attorney; that though the plaintiff at the commencement of his action, resided in Massachusetts, yet prior to the issuing of the notice, he had removed into this State, and that the place of his residence in this State was known to the debtor. Several documents were referred to, none of which came into the Reporter's hands. The case was presented for decision upon so much of the evidence as was admissible.

*Hutchinson,* for plaintiff.

The proceedings were illegal and void. The creditor was alive and within the State. The citation was served upon the plaintiff's attorney.

The service of the citation must be upon the creditor, if alive and within the State. R. S. c. 148, § 23.

The fact that the creditor was alive and within the State, may be proved by parol. It could be proved in no other way. *Williams* v. *Burrill,* 23 Maine, 144.

The acts of the justices where they have no jurisdiction, may be avoided by plea or evidence. *Haskell* v. *Hazen &*
*al.* 3 Pick. 404.

The original citation, with the officer's return thereon, is the foundation of the proceedings of the justices, is part of the record with them remaining, and admissible in evidence. *Slasson* v. *Brown,* 20 Pick. 436, and cases there cited.

The certificate is not conclusive evidence, where it appears that the justices had not jurisdiction. *Granite Bank* v. *Treat,* 18 Maine, 340.

It must appear that the justices were selected according to law. In this case it does not so appear. R. S. c. 148, § 46.

The justices have no power to legalize the service of the notice upon strangers, nor to take jurisdiction without service upon him, whom the law requires to be notified.

*Abbott,* for defendant.

SHEPLEY, C. J., orally. — By statute, chap. 148, sec. 25, and the decisions under it, the justices are required to adjudicate upon the correctness of the notice.

If they adjudge it correct, they are to proceed further; otherwise, their action is at an end.

After the plaintiff had removed into this State, and his residence had been made known to the defendants, the notice was served, not upon the plaintiff, but upon his attorney. Was that a correct notice? That very question was before the justices for their decision. They considered the notice correct. That decision is conclusive. It is not examinable here. This has often been ruled. *Plaintiff nonsuit.*