Neal *v*. Paine.

NEAL *versus* PAINE & als.

When an unimpeached document has conclusively established a defence, the introduction of other documents for the same purpose is immaterial. Instructions upon them, however erroneous, can form no available ground of exceptions, if, in fact, the excepting party sustained no injury from them.

The application, which a poor debtor under arrest makes for the issuing of a citation to his creditor, must be signed.

ON EXCEPTIONS from the *District Court*, RICE, J.

DEBT, on a poor debtor's six months relief bond.

Plea, *non est factum.* Brief statement, that the principal obligor had taken the oath prescribed in the condition of the bond.

The case shows that the defendant introduced the certificate of discharge upon the taking of such oath issued in

Neal *v*. Paine.

due form by two justices of the peace and quorum, "selected according to law." This, if unimpeached, constituted a full defence. The defendants, however, proceeded further, and introduced the citation to the creditor, issued upon the application of the debtor.

The plaintiff proved, (the defendants objecting,) that the application was not signed, when the citation was served, but was signed by defendants after that service was made.

Upon this branch of the case, the Judge ruled, *that* it was not necessary that the application should be signed by the debtor; *that*, if the application was procured to be written out by him, before the citation was issued, it was sufficient in law, though unsigned; and *that* the signing of it by him, after the service of the citation, would not invalidate the defence.

The plaintiff also attempted to prove, (the defendant objecting,) that Warren Rundlett, being that one of the said two justices of the peace and quorum, who was selected by the debtor, was the sole attorney of the debtor in the original suit, and that he filled up the blanks in the printed forms upon which the application and citation were drawn.

The Judge ruled that these facts, if proved, would invalidate the proceedings upon which the defence was placed.

The jury returned a verdict that the bond was the deed of the defendants, but that its condition had been performed.

To the said rulings of the Judge the plaintiff excepted.

*Hubbard*, for the plaintiff.

*Rundlett*, for the defendants.

SHEPLEY, C. J. — The suit is upon a bond made to procure the release of the principal from arrest on execution. The defence is, that one of the conditions had been performed. The exceptions state, that "the defendants put into the case, the certificate of discharge in due form of law, of two justices of the peace and quorum for said county, selected according to law."

Under instructions, quite as favorable to the plaintiff as the law would authorize, respecting the interest of one of

Neal *v.* Paine.

the justices, the jury must have found, that he was disinterested.

It has long been the established construction of the statutes, that the justices are made the judges of the regularity of the preliminary proceedings; that their judgment upon them as exhibited in their certificate is conclusive; and that no testimony can be legally admitted to prove that judgment to have been incorrect. A defence fully authorizing the verdict appears therefore to have been exhibited.

The defendants also introduced the application of the debtor to a justice of the peace, and his citation to the creditor, and the return thereon of service by an officer. These documents were not necessary to the defence; and their introduction appears to have occasioned the principal contest in the case and the instructions alleged to have been erroneous.

It appears to have been the intention of the framers of the statute, that all the proceedings for this purpose should be exhibited by written documents duly authenticated; and the application of the debtor should therefore be made in writing and be by him subscribed.

When a document introduced proves a fact conclusively, if its validity be not impaired or destroyed by other testimony, the introduction of other documents for the same purpose, is wholly immaterial. The rights of the parties could not thereby be varied, and any rulings or instructions respecting them would be alike immaterial; and however erroneous they may have been, if a party has not been injured by them, they can form no legal cause of complaint; and exceptions taken to them must be overruled.

If the application was not subscribed by the debtor in due season, that objection might have been made before the justices; and for any unlawful alteration of a document, after it has passed from a party and been the foundation of other proceedings, the law will afford sufficient remedy.

*Exceptions overruled.*

WELLS, HOWARD and APPLETON, J. J., concurred.