Pike *v.* Herriman.

# COUNTY OF YORK.

PIKE, *Petitioner for certiorari, versus* HERRIMAN.

Whether a writ of *certiorari,* to bring up the record of the proceedings of the justices of the peace and quorum, as to the disclosure of a poor debtor before them, can properly be granted; *quere.*

But under this writ *only the record* of the inferior tribunal can be brought up, and no facts to affect it, are admissible.

The adjudication of the magistrates, as to the notice given to the creditor, is conclusive, and cannot be re-examined under such a process.

PETITION for the writ of *certiorari.*

The petitioner was a creditor in an execution against the defendant, on which he had disclosed before two justices of the peace and quorum, and taken the oath prescribed by law.

The errors assigned were that no notice was left as certified by the officer at the place specified in his return, nor had the creditor or his attorney any notice *in fact* or *in law,* of the time and place of the debtor's disclosure.

With the petition were affidavits tending to show the errors alleged.

*Clifford & Ayer,* for respondent, submitted the case without argument.

*Wedgwood* and *D. Goodenow,* for petitioner, cited *Dow* v. *True,* 19 Maine, 46; *Little* v. *Cochran,* 24 Maine, 509; *Agry* v. *Betts & al.* 12 Maine, 415; *Hanson* v. *Dyer,* 17 Maine, 96; *Smith* v. *Rice,* 11 Mass. 512; *Thacher* v. *Miller,* 11 Mass. 413; *Blanchard* v. *Wild,* 1 Mass. 343; *Hart* v. *Hutchins,* 5 Mass. 262; *same* v. *same,* 6 Mass. 399.

SHEPLEY, C. J. — This is a petition for a writ of *certiorari* to bring up the record of the proceedings of two justices of the peace and of the quorum in taking the disclosure and administering an oath to the respondent as a poor debtor.

It is proposed, that certain facts *dehors* the record should be proved; and depositions are presented by the petitioner for that purpose.

A writ of *certiorari* can present only a record of their proceedings. No testimony can be received from the petitioner to affect that record, or to prove other facts not appearing in it. *Commonwealth* v. *Bluehill Turnpike Corp.* 5 Mass. 420.

The adjudication of an inferior tribunal upon facts presented by a record of its proceedings is conclusive. *Goodwin* v. *Inhabitants of Hallowell,* 3 Fairf. 271; *Hayward, petitioner,* 10 Pick. 358; *Starr* v. *Trustees of Rochester,* 6 Wend. 564.

The decision of the justices upon the sufficiency of the notice to the creditor, would, therefore, upon general principles, be conclusive upon this Court.

The justices must have decided upon the sufficiency of that notice before they proceeded to take the disclosure and to administer the oath.

It has been uniformly held, that their decision was conclusive upon the sufficiency of the notice, by virtue of the provisions of the statutes under which they have acted, unless all the facts have been submitted to the consideration of this Court by an agreed statement. *Hanson* v. *Dyer,* 17 Maine, 96.

In the cases cited for the petitioner, of *Dow* v. *True,* 19 Maine, 46, *Little* v. *Cochran,* 24 Maine, 509, the decisions were made upon errors disclosed by the record.

The first of those cases arose before the R. S., were in force. In the latter case the justices presented, " a document certified by them to be the record of their proceedings."

Whether under the present provisions of the statutes a writ of *certiorari* can in any case of this kind be properly issued, it is not necessary to decide.          ***Writ denied.***

TENNEY, HOWARD and APPLETON, J. J., concurred.