## Case No. 2,094.

### BUCKLEY v. PAGE et al.

[1 Cliff. 474.][1]

Circuit Court, D. Maine. Oct. Term, 1860.

EXECUTION—DISCHARGE OF INSOLVENT DEBTOR FROM ARREST—PROCEDURE.

1. Under the 195th chapter of the Laws of Maine, approved March 24, 1835, for the relief of poor debtors, if a debtor arrested on execution select one of two disinterested justices of the peace and of the quorum himself, and if the other was selected by the officer at the request of the debtor, it is a substantial compliance with the requirements of the act, and the selection must be considered as the act of the debtor himself.

2. When such justices have jurisdiction, their certificate, required by the statute, that the debtor has caused the creditor to be duly notified according to law, is conclusive, the statute making them the judges of the regularity of the preliminary proceedings, and, in the absence of fraud, other evidence to control the adjudication of the justices is not admissible.

At law. This was an action of debt [by John Buckley, Jr., against Rufus K. Page and others] on a poor debtor's bond, dated the 26th of November, 1859. A verdict for the plaintiff was taken at the preceding

---

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

term, subject to the opinion of the court upon the questions of law raised at the trial, but reserving the right to either party, after the opinion, to turn the case into a bill of exceptions. [Verdict set aside, and new trial granted.]

The writ was dated the 20th of July, 1858, and defendants appeared and pleaded performance. The plaintiff introduced the bond on which the suit was brought. The condition of the bond was, that, if the first-named defendant shall, in six months from the time of executing the same, cite the creditor before two justices of the peace, quorum unus, and submit himself to examination agreeably to the one hundred and ninety-fifth chapter of the laws of Maine, approved March 24, 1835, and take the oath or affirmation provided in the seventh section of the two hundred and forty-fifth chapter of the laws of the state, or pay the debt, interest, costs, and fees on the execution, or be delivered into the custody of the jailer, agreeably to the eighth section of the first-named statute, then the obligation to be void, otherwise to remain in full force. Two certificates of discharge were offered in evidence by the defendants, to prove performance of the conditions of the bond. The plaintiff objected to the reading of those certificates upon the ground that they were not admissible, unless it was first shown by other evidence than the certificates that the justices granting and signing the same had jurisdiction of the subject-matter, but the court overruled the objection, and the certificates were read to the jury. One was granted the 25th of December, 1857, and the other April 12, 1858. Both were signed by James L. Child and Edward Fenno, and recited that the subscribers thereto were two disinterested justices of the peace and of the quorum, for the county of Kennebec, and in all other respects were in the usual form, reciting, in substance, that the first-named defendant, a poor debtor arrested on an execution issued on a judgment therein described, but enlarged on giving bond to the creditor, had caused the creditor to be notified according to law of his desire of taking the benefit of the oath prescribed by law for the relief of poor debtors; that he appeared at the time and place therein mentioned, submitted himself to examination, and, after being duly cautioned, took before them the oath prescribed in the law of the state, approved April 2, 1836; and it was further recited in the first-named certificate that the debtor, at the same time and place, also took the oath prescribed in the twenty-eighth chapter of the Revised Statutes of Maine, approved October 2, 1840. As rebutting testimony, the plaintiff offered the records of the justices who granted the respective certificates of discharge relied upon by the defendants. Among other things, it was certified in such record that one of the justices was chosen by the debtor, and that

the other was chosen by a deputy marshal at the request of the debtor, the creditor not being present by himself or his attorney, and neglecting to choose. Appended to the records was a copy of the respective notices which the debtor gave to the creditor before making his disclosure, from which it appeared that he made complaint in both instances to a justice of the peace for Kennebec county, and not to the jailer, as required by the ninth section of the act under which the bond was given. By that statute the debtor was authorized to make the complaint to the prison-keeper, setting forth that he had not sufficient estate to support him in prison, and thereupon it is made the duty of the keeper to apply. to a justice of the peace of the county, who shall make out a notification, under his hand and seal, to the creditor of the prisoner's desire to take the benefit of the oath or affirmation prescribed by that act. But the same records certified that the debtor gave due notice to the creditor of his intention to take the benefit of the oath or affirmation, and that he appeared before the justices, submitted himself to examination, and that the prescribed oath was administered to him according to law, as stated in the certificates introduced by the defendants. Defendants objected to the admission of the records, insisting that the adjudication of the justices as to the sufficiency of the notice, as shown by the certificates of discharge, was conclusive, but the court overruled the objection, and the records were read to the jury. At this stage of the trial it was agreed that the defendants could prove that the debtor had no property at the times when the oaths were administered by the justices; and that if that evidence was by law admissible upon the subject of damages, then the verdict must be set aside, and a new trial granted. Under the direction of the court, the jury returned their verdict in favor of the plaintiff.

John Rand, for plaintiff.
George Evans, for defendants.

CLIFFORD, Circuit Justice. Two principal objections were taken by the plaintiff to the proceedings before the justices. He insists, in the first place, that the justices were not regularly chosen, and consequently that they had no jurisdiction of the subject-matter, as shown by the certificates of discharge. Any two disinterested justices of the peace and of the quorum of the county were authorized by the tenth section of that act to examine the notification and return at the time and place of caption, and, if regular and in due form, "may hear, and, if requested, take in writing the disclosure of the debtor." They are to proceed as is provided in the fourth section of the act; and if, upon the whole examination, they are satisfied that the debtor's disclosure is true, they are authorized to proceed to administer to

him the prescribed oath or affirmation. By the fourth section of the act it is provided that the justices are to be selected by the debtor; and it is insisted by the plaintiff that the justices in this case had not jurisdiction of the subject-matter, because it appears by the record of their proceedings that one of their number was chosen by the deputy marshal at the request of the debtor. Two answers. are made by the defendants to this objection. First, it is insisted that the record was improperly admitted, because the certificates. of discharge were conclusive evidence that the oath had been properly administered;. and, secondly, that if it was admissible, still it appears that the justices were properly selected. It is not denied that one was properly selected, and I am of the opinion that the other, according to the statement of the record, was selected in substantial compliance with the statute. Under that act, any two disinterested justices of the peace and of the. quorum of the county might be selected by the debtor; and it could not injuriously affect the rights of the plaintiff that one of them was selected by the officer at the request of the debtor, provided the justice so selected was of the proper county and disinterested. In making the selection, the officer acted for the debtor,. and the selection, when made, must be considered as the act of the debtor himself. He was present and made a written disclosure, and took the several oaths specified in the certificates, as appears by the records, and of course adopted the act of the officer in making the selection which was made by his. request. For these reasons, I am of the opinion that the objection to the jurisdiction of the justices cannot be sustained. Having come to this conclusion, it is unnecessary to consider the other ground assumed by the defendants on this branch of the case.

It is contended by the plaintiff, in the second place, that the notices given by the debtor to the creditor were illegal and insufficient. On the part of the defendants, it is insisted that it was the duty of the justices to examine the notification and return, and that their adjudication that the notice was in due form and according to law is conclusive of the fact, and cannot be contradicted by the plaintiff. Similar questions have often been presented to the supreme court of the state, and, inasmuch as the question involves the construction of a state law, those decisions constitute the rule of decision in this case, provided they announce a certain and settled construction applicable to the precise state of facts exhibited in the record. It was supposed at the argument that there was some inconsistency in the decisions of the state court; but after a careful examination of the numerous cases referred to, no such. inconsistency is apparent. Beyond question, the only mode of citing the creditor under the statute in question is by a notification from a justice of the peace, issued on the

complaint of the debtor to the prison-keeper, and on the application of the prison-keeper to the magistrate, and where it appears, by an agreed statement of facts, or by evidence admitted without objection, that the only notice to the creditor was issued by a justice of the peace on the application of the debtor without any application from the prisoner to the keeper of the jail, the justices have no jurisdiction of the subject-matter, or power to administer the necessary oath or affirmation, and their doings are consequently illegal and void. Knight v. Norton, 15 Me. 337; Neil v. Ford, 21 Me. 440. Prior to the first-named case, it had been held in Agry v. Betts, 12 Me. 415, that, under the act of 1822, it was within the judicial discretion of the justices to examine and pass upon the sufficiency of the return, and that such discretion was intrusted to them by law for their definitive determination. Acting upon the general and well-settled principle, that a matter which has once been determined by a court of competent jurisdiction is no longer an open question, except upon appeal, where it exists, or in some of the modes provided by law, the court say, we are satisfied that the court of the two justices was in the exercise of their proper jurisdiction when they passed upon the sufficiency of the return in question. Objection was made in that case to the admission of the certificate of discharge and to its sufficiency; but the court admitted the certificate, and ruled that it was a full and sufficient defence to the action, and the plaintiff excepted. Subsequently the same question was again presented in Black v. Ballard, Id. 240; and the court expressly ruled that the certificate of the justices, that the creditor was notified according to law, must be received as conclusive evidence of that fact. Both of these decisions, however, preceded the case of Knight v. Norton; and it was supposed at the argument that they were at least shaken, if not overruled, by the latter case. But the court still held in Ware v. Ash, 16 Me. 386, that the adjudication of the justices, that notice had been given to the creditor according to law, was decisive of the sufficiency of the notice, and based their conclusion on the authority of Agry v. Betts, 12 Me. 415. That case was followed by Hanson v. Dyer, 17 Me. 98, where it was contended by the counsel of the plaintiff that the decision in Agry v. Betts had been varied or overruled. To that suggestion the court responded in very emphatic terms, denying the proposition, and showing that in Knight v. Norton it appeared by the agreed statement that none of the preliminary proceedings had been in conformity to the statute. Among other things, the court say the two cases were decided upon facts and principles wholly different, and it is not now perceived how a decision could have been differently made consistent with the first principles of jurisprudence. During the same circuit the question was again presented to the court in the

case of Churchill v. Hatch, Id. 412; and the same court again affirmed the doctrine laid down in Agry v. Betts that where it appears that the justices had jurisdiction of the subject-matter, their certificate that notice was duly given is conclusive. Where the certificate is regular in form, it is prima facie evidence of jurisdiction, and throws the burden upon the plaintiff to show that jurisdiction did not exist. Granite Bank v. Treat, 18 Me. 340. Nothing is offered, in this case, to show a want of jurisdiction, except what appears in the record, as to the selection of the justices and the supposed defect of notice; and I am of the opinion that neither of those objections can avail the plaintiff. As it seems to this court, the first is entirely without merit; and in regard to the second, repeated decisions of the state court, in addition to those already mentioned, have determined that the adjudication of the justices is conclusive. Colby v. Moody, 19 Me. 111; Brown v. Watson, Id. 452. Technical as the distinction is between the leading cases, it is, nevertheless, one which has been clearly recognized and carefully observed by the supreme court of the state through a long period and in a series of decisions which leave no doubt as to the law as understood in the local tribunal; and there is nothing in Neil v. Ford, 21 Me. 440, inconsistent in the slightest degree with that view of the question. In that case, the citation to the creditor was introduced by the plaintiff without objection on the part of the defendants, and consequently the case, in the view of the court deciding it, fell within the principle laid down in Knight v. Norton, where the defect of notice was recited in the agreed statement. It is true that the decision in Agry v. Betts was made in a case arising under the statute of 1822; but the supreme court of the state has expressly announced that they recognize no substantial difference between the statutes of 1822 and that of 1835. Like the former, the latter gives to the justices jurisdiction and power to examine the notification and return, and this, say the court, necessarily confers the power to decide upon their correctness. They examine with a view to decide, and their decision upon the point is made a part of their certificate. Cary v. Osgood, 18 Me. 154. When the tribunal composed of the two justices appears to have been duly organized, so as to acquire jurisdiction of the case, Shepley, J., says its judgment, as contained in the certificate, declaring that the debtor hath caused the creditor to be notified according to law, is conclusive, and evidence proposed with a view to control it is not legally admissible. Baker v. Holmes, 27 Me. 154. Much of the misapprehension upon the subject has arisen from the fact that the distinction between the case of Agry v. Betts and that of Knight v. Norton was not very satisfactorily explained in the decisions that immediately followed the latter case. Later decisions, however, have supplied that defi-

ciency, and afford a perfect solution of the difficulty. Clement v. Wyman, 31 Me. 54; Low v. Dore, 32 Me. 27. Referring to the various acts of the legislature for the relief of poor debtors, Shepley, J., says, in Neal v. Paine, 35 Me. 160, that it has long been the established construction of those statutes, that the justices are made the judges of the regularity of the preliminary proceedings; that their judgment, as exhibited in their certificate, is conclusive; and that no testimony can be legally admitted to prove their judgment to have been incorrect. To the same effect also is the case of Pike v. Herriman, 39 Me. 53, where the same learned judge, after remarking that the justices must have decided upon the sufficiency of the notice before they proceeded to take the disclosure and administer the oath, says it has been uniformly held that their decision was conclusive upon the sufficiency of the notice, by virtue of the provisions of the statutes under which they have acted, unless in cases where all the facts have been submitted to the consideration of the court by an agreed statement. Without any further examination of decided cases, suffice it to say that I am of the opinion, as well from the language of the act under which these proceedings took place as from the authorities, that the adjudication of the justices, as contained in the respective certificates of discharge, that the debtor notified the creditor according to law, is conclusive of that fact, and that, in the absence of fraud, other evidence to control the adjudication of the justices is not legally admissible. Baker v. Holmes, 27 Me. 155. According to the agreement of the parties, the verdict must be set aside, and a new trial granted.