NEW-YORK,
Nov. 1808.

Close
v.
Gillespey.

## Close *against* Gillespey.

A judgment had been entered upon a warrant of attorney, and the same was regularly signed and docketed, but by the negligence of the attorney, the plea of the defendant was not signed, nor was the name of the defendant's attorney inserted in the record : The plaintiff was allowed to amend the record, *nunc pro tunc*, though a subsequent judgment had been entered up against the defendant, on which a preference was claimed.

A JUDGMENT had been entered up, in this cause, on a warrant of attorney. The judgment was regularly signed and docketed ; but through mistake, the name of the defendant's attorney was not signed to the plea, filed with the other papers, nor was his name inserted in the roll. Execution had been issued by the plaintiff, and also by one *Mancius*, who had obtained a subsequent judgment against the defendant. Both executions were delivered to the sheriff, and each claimed a preference ; but the plaintiff's execution was first received by the sheriff.

A motion was made, on behalf of the plaintiff, to amend the record, *nunc pro tunc*, by adding the name of the defendant's attorney to the plea on file, and by inserting it in the record.

*P. S. Lush*, *Foot*, and *Skinner*, for the plaintiff, cited 1 *Strange*, 114. 445. 641. 4 *Burr*. 2446. 1 *Saund*. 247. '3 *Caines*, 267.

*Henry* and *Van Vechten*, contra.

SPENCER, J. delivered the opinion of the court. There can be no doubt that an amendment is proper, and ought to be granted, but whether *nunc pro tunc*, so as to give a a preference to the plaintiff's execution, is the question.

In the case of *Seaman* and others v. *Drake*,\* this court ordered an amendment to be made *nunc pro tunc*, in a judgment, after the lapse of several terms, where the clerk who taxed the costs, had neglected to sign the roll, he having regularly docketed the judgment, and this was against bail. It was done on the principle, that the omission proceeded from an officer of the court. So the court of K. B. in *England*, have permitted amendments, rendered necessary by the mistake of one of their attornies.† I cannot discover any difference, as to the allowing of an amendment, whether the mistake has happened through the omission of an attorney, or by that of the clerk. Both are equally officers of the court.

In the present case, the judgment having been docketed, *Mancius* had, in legal intendment, notice of it, and it does not appear that his debt has been contracted since the entry of *Close's* judgment. Had error been brought, there might have been more doubt. I cannot perceive that *Mancius* has any right to avail himself of the irregularity which has intervened. Nor can I perceive that our right to amend, in case of the mistake of one of our officers, is to be controuled by the effect which may be produced in another case. All amendments affect, more or less, third persons.

The Court are of opinion, that the motion ought to be granted.