Reese, J.
delivered the opinion of the court.
This is an action of covenant instituted upon an agreement under the seals of the plaintiff and defendant, which stipulated that the pi aintiff would for thirteen months, from the 1st December, 1836, to the last December, 1837, perform on the farm- of the defendant the duties of an overseer to th'e best of his skill and knowledge; and that the defendant, oñ account of his services, would pay the plaintiff two hundred dollars, áñd furnish him with certain articles of provision for his family and of provender for his horse. The declaration alleges that the plaintiff rendered the stipulated services as overseer to the bést of his skill and knowledge, and assigns as a breach of the covenant on the part of the defendant that he had neither paid the money in the covenant mentioned nor furnished the provisions and provender. The defendant pleaded: first, covenant performed, upon which issue was taken; and's secondly, that the plaintiff did not faithfully perform his duty as overseer for the time of thirteen months, but absented himself from the service of the defendant before the expiration of that time. To this the plaintiff replied specially, “that although it was true that he did not serve out the term of thirteen months as an overseer for the defendant, he was released and discharged by the parol consent and agreement of said defendant on the 20th day of December, before the expiration of said thirteen months, and by which agreement the defendant was to accept and receive the services of one James Harrison from the said 20th of December before the expiration of the said thirteen *122 months, in the place, room and stead of him, the said plain- ^,, ipQ repjicatjon foe defendant demurred. A ver-wag f0Und for the plaintiff, and his damages assessed up-the plea of covenant performed. But upon the demurrer the circuit court gave judgment against the plaintiff; to reverse which he has prosecuted his writ of error to this court. The case has been well and fully argued on both sides. We entertain no doubt that the judgment of the circuit court is correct. Waiving the consideration that the replication departs from the declaration, (see 2 Saunders, 84, note 1,) and tailing the matter of the replication as if alleged in the declaration in the room of the general allegation of performance there set forth, it then presents the case of a plaintiff in an action of covenant seeking to enforce the covenant and to recover damages for its breach against the defendant, while, at the same time, he attempts to vary and diminish his own obligations, arising from the covenant, by an alleged parol agreement. This he cannot do on well established principles. The rule has received frequent recognition in the adjudications of this State; it is regarded also as well settled in England. Without unnecessarily multiplying references, it will be sufficient to cite the judgment of Ch. Justice Gibbs in the case of Thompson vs. Brown, 7 Taunton, 656. In that case a number of other cases involving the same principle are cited and commented on. The Chief J. in that case says, “The only question is, whether a deliveiy at Liverpool can be substituted for a delivery at London so as to enable the plaintiff to recover upon this covenant the same freight and demurrage as if he had delivered the cargo at London. The maxim of law which meets one in this case is, that matters which are contracted for by deed cannot be dissolved except by deed.” It is true there are cases, as that of Fleming vs. Gilbert, 3 John. Rep. 527, where the rigor of this principle is somewhat relaxed on behalf of a defendant seeking to discharge himself from damages for a breach of covenant by showing some substituted agreement of modification or satisfaction. In the case already referred to, of Thompson vs. Brown, the distinction in question is alluded to by Ch. Justice Gibbs, and he quotes Lawrence, J. as saying, in the case of *123 Heard vs. Wadham, 1 East, 619, “that all the cases cited, where the substitution of one thing for another was admitted, were cases where, subsequent to the breach of the covenant, the covenantee had agreed to accept another thing in satisfaction of his damages, which was an answer to an action for the non-performance of the thing stipulated,” And Ch. Justice Gibbs adds: “I can understand the doctrine that a man has been paid his damages by accepting something else in lieu of that to which he was entitled; but a plaintiff cannot aver that'by parol something else has been substituted for that which the covenant required him to do.” We affirm the judgment.