GARDINER COLBY & *al.* *versus* CHARLES MOODY & *al.*

The certificate of two justices of the peace and quorum that the creditor has been duly notified of the time and place of his debtor's disclosure, is conclusive evidence of that fact.

All records may be amended in furtherance of justice, according to the truth; and it is no objection that a suit duly commenced before such amendment will thereby be defeated.

THIS was an action of debt on a bond, conditioned to cite the creditor and make a disclosure. The defendants read in evidence, though objected to, the certificate of two magistrates, showing that he had notified the creditor, and had taken the poor debtor's oath. It was admitted, if it was competent for the plaintiff to prove it, that the certificate as originally made out, stated that the debtor took the oath prescribed by the statute of 1835; and that it was, after this suit was commenced, altered by the magistrates in conformity to the truth, and made to state that he took the oath prescribed by the statute of 1836, which was in fact administered to him, and was produced as by him originally signed. The certificate lodged with the jailer,

originally stated as the other did, and was altered in like manner, and for like cause. It was admitted that the plaintiff's attorneys attended the examination and disclosure, stating that they waived no legal objections, and that no special damage could be proved.

SHEPLEY J., before whom the cause was tried, being of opinion that the action could not be maintained, the plaintiffs submitted to a nonsuit, which is to be taken off and judgment rendered in their favor, if entitled to it.

The cause was submitted without argument, by *Codman & Fox*, for the plaintiff, and *A. Haines & Kinsman*, for the defendants.

The opinion of the Court was delivered by

WHITMAN C. J. — A nonsuit was entered in this case, subject to the opinion of the court upon the facts as reported by the judge, who presided at the trial.

It appears that Charles Moody, one of the defendants, was arrested at the suit of the plaintiffs, and gave the bond here in suit, as by law provided, to disclose, &c. and that certain magistrates, within the time named in said bond, took the disclosure of said Moody, and thereupon gave him a certificate, directed to the jailer, as by law in such cases is required, to entitle him to be liberated from imprisonment. This certificate the defendants produced on trial. The plaintiffs contend that this certificate is not conclusive, and that they ought to be permitted to prove the certificate untrue, in stating that they were duly notified; and that therefore the proceeding was *coram non judice* and void. To this the authorities seem to be opposed.

In the case of *Agry* v. *Betts & al.* 3 Fairf. 415, WESTON C. J., in delivering the opinion of the Court in reference to the doings of magistrates in such cases, says, "it is specially made a part of their jurisdiction to examine and pass upon the sufficiency of the return. It is an act of judicial discretion, entrusted to them by law for their definitive determination." And further, that "what has been once determined, by a court of

competent jurisdiction, is no longer an open question." And in *Black* v. *Ballard & al.*, 13 Maine R. 239, in delivering the opinion of the Court, the same learned judge says, " We are of opinion, that the certificate of the justices of the quorum, that the execution creditor was notified according to law, must be received as conclusive evidence of that fact." It would seem, therefore, that the question ought not any longer to be involved in doubt.

The plaintiffs, however, object that the certificate, as first made out and delivered to the jailer, and which remained with him till after the institution of this suit, was wholly erroneous, inasmuch as it set forth, that the oath administered to the debtor, although in fact the one required by law to be taken by him, was certified to be the one, which had been prescribed in a statute which, as to the form of the oath, had been repealed; and that this certificate, and the records of the doings of the magistrates preparatory to the issuing of it, had since been by them amended. But this was an amendment made by them in conformity to the truth; and as the proper oath, eventually taken by the debtor, and subscribed by him, was before them, they would seem to have had something to amend by. In such cases it is no uncommon procedure for courts to allow amendments after verdict and judgment, and even after execution has been levied, to be made, when manifestly in conformity to the truth, and furtherance of justice; not only by their own clerks, but also by other officers entrusted with the execution of the processes of the court. *Clark* v. *Lamb*, 6 Pick. 512. Where a judicial tribunal proceeds without a clerk, and makes record of its own proceedings, the exercise of the same power must be allowed it.

But it is objected that this amendment should not have been allowed after action brought, as was done in this case, by the plaintiffs, upon the faith of the certificate as at first issued; or if allowed, that it cannot affect the right of the plaintiffs to proceed as if no such amendment had been made; and that the right of the plaintiffs to maintin the action had vested, and cannot be divested by an after amendment. It may be admitted

that there is a show of speciousness in this objection. But it is believed, upon examination it will be found destitute of any substantial basis.

When the rights of strangers to the record come in question, the court might well hesitate in affording its sanction to such amendments at least, so far as they might be liable to be affected by them. But when no one can be affected, except it be a party to the original record, it is otherwise. *Close* v. *Gillespey,* 3 Johns. 526 ; *Chamberlain* v. *Crane,* 4 N. H. R. 115 ; *Little* v. *Larrabee,* 2 Greenl. 37 ; *Means & al.* v. *Osgood,* 7 Greenl. 146 ; *Sawyer* v. *Baker,* 3 Greenl. 29 ; *Buck* v. *Hardy,* 6 Greenl. 162 ; *Wright* v. *Wright,* ib. 415 ; *Berry* v. *Spear,* 13 Maine R. 187 ; 15 Maine R. 73 ; 16 ib. 124 ; 17 ib. 444 ; *Castor* v. *Phenix,* 7 Cowen, 524. The last case is very similar in principle to the one at bar. The debtor had been committed. Finding the judgment against him to be erroneous he brought a writ of error, and committed an escape, thinking probably, that, as the judgment was clearly erroneous, his bail could not be harmed. He and his bail were sued for the escape. After the assignment of errors, in the process in error, the court permitted the original judgment to be amended, whereby the process in error was defeated, and the bail were rendered liable for the escape.

In this case the plaintiffs are no strangers to the record. They were present, by their counsel, at the time the disclosure was made and the oath administered. They knew that the right oath was administered. It cannot therefore be considered that their rights were unduly affected by the amendment.

*Nonsuit confirmed and judgment accordingly.*