## CORNELIUS McCORMICK *vs.* STEPHEN CARROLL & wife.

On a writ of entry under the Gen. Sts. c. 103, § 48, to recover an undivided portion of a parcel of land, set off to the demandant by levy of an execution thereon under § 10 it is discretionary with the court to permit an amendment of the return of the levy so as to recite that the parcel could not be divided without damage to the whole, which was more than sufficient to satisfy the execution.

On the trial of a writ of entry brought in the superior court under the Gen. Sts. c. 103, § 48, to recover an undivided portion of a parcel of land, set off to the demandant by levy of an execution thereon under § 10, the return of which omitted to recite that the parcel could not be divided without damage to the whole, the judge ruled that the levy was invalid by reason of the omission, directed a verdict for the tenant, and reported the ruling to this court, together with a motion of the demandant, made after the verdict, for an amendment of the levy. *Held*, that the questions whether the verdict should be set aside, and the levy amended, should be heard and decided in the superior court before a decision in this court on the ruling made at the trial.

WRIT OF ENTRY under the Gen. Sts. c. 103, § 48,* to recover two undivided third parts of a parcel of land in Lynn. Trial in the superior court, before *Lord*, J., who made the following report to this court:

" It appeared that the demandant had in a former action recovered judgment against the tenant Stephen Carroll for a debt due, and in that suit had made a special attachment of the land of which the demanded premises were an undivided part, as

---

* Gen. Sts. c. 103, § 48 : " When the execution is levied on lands or rights, the record title to which fraudulently stands in the name of a person other than the debtor," " and such other person is in possession claiming title thereto, the levy shall be void unless the judgment creditor to whom the land is set off, or the purchaser of the right of redemption, whichever the case may be, commences his suit to recover possession thereof within one year after the return of the execution."

then standing in the name of Patrick Cullen. Carroll had con-
veyed the whole of said lot to Cullen a few days before the
attachment; and Cullen conveyed the same to Catharine Car-
roll, the other tenant in the present action, after said attachment.
The demandant caused his execution issued upon said judg-
ment to be seasonably levied upon the land so attached, and
said two undivided third parts of the same were set off to him
in full satisfaction of his execution, which was duly returned
and recorded.*

"The present action was brought within a year of recovering
said judgment, to try the right of the demandant to hold the
demanded premises as against said conveyances, on the ground
that the same were fraudulent as to the creditors of Stephen
Carroll. The tenants jointly pleaded *nul disseisin.* At the
trial, the demandant offered in evidence, in support of his action,
said judgment and the execution and levy under the same.
[The execution and return of the levy were annexed to and
made part of the report.] He also offered evidence of title in
Stephen Carroll. The tenants objected to the validity of the
levy, because it set off an undivided share of the lot to be held
in common with Stephen Carroll, and it was not set forth in the
return that said lot of land could not be divided so as to set off
a portion of the same by metes and bounds to the demandant
in satisfaction of his execution, without damage to the whole,
which was more than sufficient to satisfy the execution. The
demandant offered to prove that the premises could not be so
divided without damage to the whole. The presiding judge
declined to admit such proof, ruled that the levy was void for
the above reason, directed a verdict for the tenants, and now
reports the case to the supreme judicial court, for its decision
whether said ruling was correct.

---

* Gen. Sts. *c.* 103, § 10 : "When the premises levied upon consist of a mill,
mill privilege, or other real estate, which cannot be divided without damage to
the whole, and which is more than sufficient to satisfy the execution, the levy
shall be made upon an undivided portion of the whole, to be determined by the
appraisers, and to contain as much as they deem sufficient to satisfy the exe-
cution; and the portion thus taken shall be held in common with the debtor."

" After the verdict, the demandant suggested an amendment of the levy, which should state that, in the judgment of the appraisers, the estate was incapable of division ; whereupon the presiding judge suggested that, if his ruling should be sustained, the demandant might make the motion in the supreme judicial court for a new trial, for the purpose of securing such amendment, if it is an amendment which by law is authorized."

*W. C. Endicott & T. M. Stimpson,* for the demandant, cited *Baker* v. *Davis,* 19 N. H. 325, 336; *Whittier* v. *Varney,* 10 N. H. 291 ; *Avery* v. *Bowman,* 39 N. H. 393 ; *Haven* v. *Snow,* 14 Pick. 28, 33 ; *Johnson* v. *Day,* 17 Pick. 106, 108 ; *Chase* v. *Merrimack Bank,* 19 Pick. 564, 570; *Baxter* v. *Rice,* 21 Pick. 197 ; *Bates* v. *Willard,* 10 Met. 62, 80 ; *Pratt* v. *Wheeler,* 6 Gray, 520 ; *Wolcott* v. *Ely,* 2 Allen, 338 ; *Lawrence* v. *Pond,* 17 Mass. 433 ; *Brinley* v. *Mann,* 2 Cush. 337 ; *Brightman* v. *Eddy,* 97 Mass. 478.

*S. B. Ives, Jr.,* for the tenants, besides some of the cases cited for the demandant, cited Gen. Sts. *c.* 103, §§ 5, 10, 25 ; *Williams* v. *Amory,* 14 Mass. 20, 29; *Emerson* v. *Upton,* 9 Pick. 167, 169; *Hovey* v. *Wait,* 17 Pick. 196 ; *Bradley* v. *Bassett,* 2 Cush. 417 ; *Chenery* v. *Stevens,* 97 Mass. 77, 84.

BY THE COURT. The court had power, at least before verdict, to allow an amendment of the levy, as is clearly shown by the cases cited in argument. Whether it was reasonable to set aside the verdict for the purpose of hearing a motion to amend the levy is a question of discretion, which should be decided by the court in which the trial was had ; and which cannot properly be decided in this court, to which the whole case has not been brought. If the verdict should be set aside, and the amendment allowed in the superior court, the question whether the levy in its present form is valid would become immaterial. The setting aside of the verdict and allowance of the amendment, which involve a question of fact, should be disposed of before deciding the question of law presented by the ruling made at the trial ; in order that the final judgment on the report in this court may be made upon the facts as they are finally to rest.

*Motion to set aside the verdict and amend the levy to be heard in the superior court.*