### COMMONWEALTH *vs.* SAMUEL CHENEY & others.

In extending the original record of a recognizance taken in a police court for the appearance of the principal obligor to answer to a criminal complaint for wilfully burning a shop, the crime with which he was charged was erroneously described as arson. Upon his default, the record of the proceedings, with the uncorrected recognizance, was certified to the superior court, and an action was brought in that court, in behalf of the Commonwealth, on the recognizance. Pending this action, the justice of the police court was permitted by the superior court to amend the recognizance there so as truly to describe the crime. And the attorney for the Commonwealth was then allowed to amend his declaration accordingly. *Held*, (1) that the recognizance became matter of record in the superior court when first certified there, without any entry thereof made upon the docket or indorsed on the papers; (2) that the amendments were allowable in the discretion of the superior court; and (3) that the action could be maintained on the amended declaration.

CONTRACT. Writ dated July 11, 1866. The declaration alleged that the defendants entered into a recognizance to the Commonwealth, a copy of which was annexed to and made part of the declaration; that the defendant Samuel Cheney, named therein, made default, and a record thereof was duly certified to the superior court; and that the defendants had become severally indebted to the Commonwealth in the amount of the recognizance.

The copy annexed purported to be a copy of a memorandum of an oral recognizance entered into by the defendant Samuel Cheney as principal and the other defendants as sureties, in the sum of $10,000, on December 20, 1865, before the police court of

Milford, held that day by Abraham Mead, special justice thereof, in the absence of the standing justice, conditioned that the said Samuel, then under arrest on a warrant issued upon a complaint against him for committing the crime of " arson " at Milford on July 5, 1865, and having pleaded that thereof he was not guilty, should personally appear before said police court on December 30, 1865, to answer further to said complaint, &c.

A copy of the complaint and warrant in the criminal proceeding against Samuel Cheney was transmitted by the police court of Milford to the superior court at January term 1866, and ever since remained there, with a memorandum of the recognizance, like that thus declared on, " which was not a correct copy of the recognizance and record." But neither the dockets of the superior court, nor the memorandum of the recognizance itself, exhibited any record or minute of the filing of the recognizance.

At August term 1866, after the return of the writ in this action, the special justice of the police court filed a petition " for leave to correct an error made by himself in reducing the recognizance to writing, and to place on file the recognizance as corrected; " and annexed to the petition the corrected memorandum of the recognizance, wherein the crime with which Samuel Cheney was alleged to have been charged in the complaint was " wilfully burning a shop ; " and at the same term the attorney for the Commonwealth moved for leave " to annex to " his declaration " a correct copy of the recognizance taken in the original proceedings." The petition and the motion were both allowed by the superior court, without the knowledge or consent of the defendants ; and the attorney for the Commonwealth annexed a corrected copy of the recognizance to the declaration by attaching it to the copy originally declared on.

At October term 1866 the defendants demurred to the declaration, and specified, among their causes of demurrer, that it did not appear by any allegation therein that there was any record of any such recognizance before the police court as was declared on, or " that a certified copy of said recognizance was ever returned to this court by and from the said police court, and entered in this court," or " that there is any record of any such recognizance

in this court;" and further, that it appeared by the copy of the recognizance, annexed to the declaration, that the police court had no right or authority to take it.

There was no joinder in demurrer, but at January term 1867 the attorney for the Commonwealth moved for leave to amend his declaration; the motion was allowed without the knowledge or consent of the defendants; and the declaration as amended read as follows : " That, in pursuance of an order of the police court of Milford in the county of Worcester, the defendants, on December 20, 1865, entered into a recognizance to the Commonwealth, before said police court, a copy of which is hereto annexed and made a part of this declaration; that the condition of said recognizance was that the said Samuel Cheney should personally appear before said police court " on that day, " then and there to answer further to the complaint against him, pending in said police court, for wilfully burning a shop in said Milford, and should do and receive that which the said police court should enjoin upon him, and not depart without license, then the said recognizance to be void, otherwise to be and abide in full force, power and virtue; " that at the police court on said December 30 he " was duly called to appear, according to the tenor of said recognizance, but did not appear, but made default; " and his sureties were duly called to produce him, but failed so to do, and made default, " a record of which default of said defendants was duly made in said police court; that the said police court duly certified the said recognizance, with the records of the default of the said defendants to the superior court, and the same was duly entered of record in said superior court, with the exemplification of the records of the said police court; and that all these proceedings appear by the records of said several courts, and are now here in this court to be produced; whereupon an action hath accrued to the Commonwealth to recover of the defendants the said sum of $10,000, and the defendants have become severally liable to pay the same, and owe the same to the Commonwealth."

The defendants were ordered to answer the amended declaration; and did so in December 1869, reserving and insisting upon

all their rights under their demurrer, denying each and every allegation of the amended declaration, and alleging that the action was prematurely brought, that at the time when it was begun no right of action against them had accrued to the Commonwealth, and that the amendments of the declaration gave the Commonwealth no such right.

At the trial, at October term 1870, before *Brigham,* C. J., without a jury, the foregoing facts were made to appear, and it was proved that Samuel Cheney did not appear before the police court of Milford on December 30, 1865, in pursuance of his recognizance, and he and the other defendants, his sureties, were defaulted thereon. The judge ruled and found, on these facts, that the Commonwealth was entitled to recover ; and the defendants alleged exceptions.

*P. E. Aldrich,* for the defendants. 1. The recognizance first returned never became matter of record in the superior court.

2. The true recognizance and record, on which it was sought to maintain the action, were never in the superior court till after the action was begun. The defect in the case therefore was not the omission to allege a necessary fact, but the non-existence of the fact. *Tarbell* v. *Gray,* 4 Gray, 444. *Bowler* v. *Palmer,* Ib. 445 note. *Commonwealth* v. *Baird,* 9 Met. 407. *Bridge* v. *Ford,* 4 Mass. 641, 643, and 7 Mass. 211.

3. The recognizance filed after the action was begun was not an amendment of that first returned, but a new and radically different one. The crime of arson was not a bailable offence, and so the first recognizance was void. Gen. Sts. *c.* 170, § 54.

*C. Allen,* Attorney General, for the Commonwealth.

WELLS, J. As amended, the declaration is sufficient; and is sustained by the amended record and recognizance. The amendment of the declaration was authorized by the Gen. Sts. *c.* 129, § 41. Its allowance was a matter of discretion with the superior court, and not open to exception.

The proceedings before the magistrate, returned by him to the superior court, were treated by that court as of record therein. The absence of any minute of filing did not prevent them from being so considered. *Commonwealth* v. *Merriam,* 7 Allen, 356.

The amendment of the record and of the recognizance so returned, by filing a new and corrected memorandum of the recognizance, by permission of the superior court, was a matter within the exclusive control of that court. Its action is final, and not open to exception. *Fay* v. *Wenzell*, 8 Cush. 315.

The defendants contend that the new certificate of recognizance is not an amendment of the former one, but the substitution of a new and different recognizance ; that is, as we understand the objection, that it is an attempt to make a correction of the contract itself, and not merely of the record of it. ˙ We do not think this position is sustained by the facts. In the application for leave to amend, the magistrate calls it an error made by himself " in reducing the recognizance to writing." In the exceptions, it is stated that the certificate originally filed " was not a correct copy of the recognizance and record." These statements imply only an error in extending the original record of the recognizance, properly corrected by the new certificate.

The defendants also contend that the cause of action, set forth by the amended declaration, did not arise until the amended memorandum of recognizance, upon which it is founded, was placed on file in the superior court ; and, as that was done after the date of the writ, that this suit cannot be maintained upon it.

The foundation of the action is the contract of the defendants. The nature of the contract is such that no action can be brought upon it unless the recognizance be returned to the tribunal be- ːore which the party is required to appear, and thence certified, with the record of the proceedings to which it is incident, to the ːourt which is authorized to take further action thereupon in case of default. All this requirement has been complied with. The record of the proceedings, and the fact of the recognizance of the party and his sureties, were duly certified to the superior court before this suit was commenced. The whole became thereupon of record in that court. *Benedict* v. *Cutting*, 13 Met. 181. Until fully extended there, the papers and memoranda, duly certified by the magistrate, constituted the record. If any of them were in any respect incomplete, defective or erroneous, they were capable of amendment, upon proper proof of the truth of

the case. The certificate of the magistrate to the amended re-
turn might properly be received by the superior court, to show
what were the terms of the recognizance actually entered into
before him; and the record of the superior court amended ac-
cordingly. The action of the superior court, in directing or
authorizing the amendment, is conclusive in the matter. *Cook* v.
*Berth, post,* 73.

An amendment so made is not a new record; and does not
give rise to a new cause of action. It is made *nunc pro tunc,*
and has the same operation as if the record had been originally
extended in the amended form. This has frequently been held
in similar and analogous cases, even where the effect is to cut
off intervening rights. *Atkins* v. *Sawyer,* 1 Pick. 351. *Haven*
v. *Snow,* 14 Pick. 28. *Johnson* v. *Day,* 17 Pick. 106. *Baxter*
v. *Rice,* 21 Pick. 197. *Balch* v. *Shaw,* 7 Cush. 282. *Pratt* v.
*Wheeler,* 6 Gray, 520. *Hitchings* v. *Ellis,* 1 Allen, 475. *Com-
monwealth* v. *Field,* 11 Allen, 488. *McCormick* v. *Carroll,* 103
Mass. 151. *Close* v. *Gillespey,* 3 Johns. 526. The result is, that
the                                         *Exceptions must be overruled.*