### COMMONWEALTH *vs.* JAMES McIVOR.

Bristol.    Oct. 27, 1874. — Jan. 21, 1875.    COLT & AMES, JJ., absent.

The record of the proceedings in a police court alleged that the defendant was tried upon a complaint for maintaining a common nuisance on January 1 and on divers other days between that day and the day of receiving the complaint, but did not state the time of receiving the complaint. The jurat annexed to the complaint, which was also certified by the clerk of the court with the record, named the day on which the complaint was received. *Held*, that the complaint was sufficiently identified by the jurat, which might be referred to for that purpose.

On a complaint for keeping a tenement, used for the illegal keeping and sale of intoxicating liquors, evidence having been put in tending to show that the defendant kept the tenement for the purpose alleged, a witness who has testified to having repeatedly seen the defendant, during the time named in the complaint, in and about the place, half a dozen times in the bar room, and almost every day around the door and in the immediate vicinity of it, may testify that he has not seen the defendant doing business anywhere else during the time charged in the complaint.

COMPLAINT to the Police Court of New Bedford, alleging the keeping and maintaining of a tenement used for the illegal sale and illegal keeping of intoxicating liquors on January 1, 1873, "and on divers other days and times between that day and the day of the date of receiving this complaint." The jurat on the complaint was as follows: "Bristol, ss. Received and sworn to the sixteenth day of May, in the year of our Lord eighteen hundred and seventy-four, before me, Chas. H. Sanford, Justice of the Peace."

That part of the record of judgment of conviction in the Police Court, which set forth the time at or during which the defendant kept and maintained the tenement, only stated that he " on the first day of January, 1873, and on divers other days and times between that day and the day of the date of receiving this complaint, did keep and maintain a certain tenement," &c. And the record was on a paper separate from the complaint.

At the trial in the Superior Court, on appeal, before *Putnam*, J., the defendant objected that the record was not sufficient to identify the complaint, but if it was, the record only sufficiently showed a conviction of the offence on the first day of January, 1873, or at least of an offence committed on a single day, and contended that the evidence of keeping and maintaining should be confined to the first day of January, 1873, or at least to a single day. These objections were overruled by the judge, and evidence was admitted tending to show the commission of the offence during the whole period from January 1, 1873, to May 16, 1874.

The evidence of the prosecution tended to show that the defendant carried on business, or kept and maintained a tenement used for the illegal sale and illegal keeping of intoxicating liquors, at the corner of Third Street and Old Market Square. One witness for the government testified to having repeatedly seen the defendant, during the time named in the complaint, in and about the place; half a dozen times inside the bar room, and almost every day around the door and in the immediate vicinity of it. The district attorney, against the objection of the defendant, was then permitted to ask the witness whether he had seen the defendant doing business anywhere else during the time charged; to which the witness answered " No." No objection was made to the form

of the question.   The defendant was found guilty, and alleged exceptions.

*J. Brown*, for the defendant.   1. The record of judgment did not sufficiently identify the complaint.   *Commonwealth* v. *Galligan*, 113 Mass.    .   *Commonwealth* v. *Doty*, 2 Met. 18.   *Commonwealth* v. *Burns*, 8 Gray, 482.   This record of judgment would apply to any complaint received between January 1, 1873, and the date of the trial, May 18.   It should appear somewhere in the record of the judgment what was " the day of the date of receiving this complaint," else the complaint in which the trial proceeds is not identified as that in which the appeal was taken.   This objection would be available in a motion in arrest of judgment.   It having been called to the attention of the court, it was error to allow the trial to proceed before a proper record of judgment was filed in the court, identifying the complaint.

2. Evidence that the witness had not seen the defendant doing business anywhere else was incompetent, and should have been excluded.   It afforded no reasonable presumption or inference as to the guilt of the party.   It tended to mislead the minds of the jury from the point in issue, while it proved nothing.   1 Greenl. Ev. § 52.   *Atwood* v. *Scott*, 99 Mass. 177.   *Commonwealth* v. *Fitzgerald*, 2 Allen, 297.   *Kent* v. *Willey*, 11 Gray, 368.

*C. R. Train*, Attorney General, for the Commonwealth.

ENDICOTT, J.   The complaint charges the offence of maintaining a common nuisance on January 1 and on divers other days and times between that day and the day of the date of receiving the complaint.   The day of receiving is made certain by the jurat attached to the complaint, which shows it to have been on May 16 ; in the same manner as the time of finding an indictment may be shown by the indorsement of the clerk, which is a part of the record of proceedings.   *Commonwealth* v. *Stone*, 3 Gray, 453.   *Commonwealth* v. *Walton*, 11 Allen, 238.   The paper called the record, and which is part of the proceedings sent from the Police Court, recites that the defendant was tried upon a complaint for maintaining a common nuisance on January 1 and on divers days and times between that day and the date of receiving this complaint.   The objection is that it does not state the time of receiving, so that the complaint itself is not identified.   But the only

question is of the identity of the complaint, not of the offence charged. And this is made certain by the attestation of the clerk of the Police Court, certifying the complaint with his record of the trial and appeal thereon. These papers are part of the proceedings and of the record, within the meaning of the law. *Benedict* v. *Cutting,* 13 Met. 181, 186. *Commonwealth* v. *Cheney,* 108 Mass. 33. The certificate establishes the fact that this complaint is the complaint upon which he was tried and to which the record refers, and reference to the jurat may be had to make the record certain. *Commonwealth* v. *Stone* and *Commonwealth* v. *Walton, supra.*

The case of *Commonwealth* v. *Galligan,* 113 Mass.    , cited by the defendant, has no application. There the record was held defective because the complaint upon which the defendant was tried in the Superior Court might be supported by evidence which would not have been admissible under the complaint upon which he appeared by the record to have been tried in the Police Court. But in this case the mere identity of the complaint being established by reference to the jurat, no such question did or could arise.

There was evidence that the defendant was the keeper of the tenement in question during the time charged in the complaint, and was daily seen inside the bar, around the door, and in the immediate vicinity. It was not irrelevant to the issue to show that during that time the defendant was not seen doing business at any other place. On the same principle, evidence is competent to show that a person is not known to have any means, or to be engaged in any business. *Stebbins* v. *Miller,* 12 Allen, 591.

*Exceptions overruled.*