GUSTAVUS S. BEAN *vs.* ARIEL S. AYERS and others.

Penobscot. Opinion December 23, 1879.

In an action by an officer upon a receipt for property attached, it is not a defense that there were irregularities in the proceedings in the original suit. To relieve the receiptors from liability it must appear that the judgment rendered was absolutely void.

In a process *in rem* against pine, spruce, hemlock and hard wood logs, it is not objectionable that the officer attaches only the hemlock and spruce logs.

In a proceeding *in rem* against logs to secure a laborer's lien thereon, an order from the law court in the abbreviated form of "judgment against the logs," describes only the logs attached. The judgment being correctly ren-

dered, it is immaterial whether the record of the judgment has been properly extended or not, if the court permits the record to be amended. The judgment itself is the vital thing.

Errors and deficiencies in court records are to be expected. R. S., c. 79, § 10, requires their correction. Third parties may be affected thereby, but they are presumed to know that if a clerk has made a mistake it may be corrected.

The settled rule in this state is, that the court will allow an amendment of a mistake committed by a recording officer, when such amendment will be in the furtherance of justice, and when the party to be affected thereby will not be subjected to any loss or inconvenience other than what he would have been subjected to had the record been originally in proper form.

On REPORT.

Assumpsit by plaintiff as deputy sheriff against defendants on a receipt given by them to him for certain logs attached on certain lien suits, one by John Sheridan, and sixteen by other parties, against Daniel E. Ireland and certain logs. Plea, the general issue and brief statement, alleging "that the proceedings by the plaintiff and the alleged judgments in the original actions, have not established any valid lien claim, or claims, on or against the said logs named in defendant's said receipt and agreement."

This is the sixth time that the subject matter of this suit has been, in different forms, before this court on questions of law. See *Sheridan* v. *Ireland,* and logs, 61 Maine, 486. *Same* v. *Same,* 65 Id. 65. *Same* v. *Same,* 66 Id. 138. *Bean* v. *Ayers,* 67 Id. 482. *Same* v. *Same,* 69 Id. 122.

In the original writ of *Sheridan* v. *Ireland,* and logs, the officer is commanded "to attach the goods and estate of Daniel E. Ireland . . . to the value of . . and also attach hemlock, spruce, hard wood and pine logs in Penobscot river, in and below Penobscot boom, marked, NXVIIXI, and summon the defendant . . . to answer unto John Sheridan . . in a plea of the case," upon the following account annexed.

Aug. 14, 1872.

"DANIEL E. IRELAND,

To JOHN SHERIDAN, Dr.

To 76 days work cutting and hauling hemlock, spruce, hard wood
      and pine logs on No. 7, the past winter, now in Penobscot
      river in and below Penobscot boom, marked NXVIIXI,
      at $1.00 per day,                                      $76 00

And the plaintiff claims to have a lien on said logs for personal services in cutting and hauling the same during the past winter,

to the amount of $76.00 and this action is brought to enforce said lien according to the statute in such cases made and provided.

"Also, for that said plaintiff heretofore, to wit : during the winter and spring last past, had, at the request of said defendant, labored in said state of Maine, at cutting and hauling on and from a place called Kossuth, or township No. 7, into the waters of Penobscot river and its tributaries, and to the Penobscot boom, certain hemlock, hard wood, spruce and pine logs, masts, spars, and lumber, of the following marks, to wit : NXVIIXI, and the sum and balance actually due and unpaid, of the amount stipulated by defendant to be paid to the plaintiff for his personal services therein, was and is the sum of seventy-six dollars and cents, (as is specified in the annexed account,) and in consideration of the premises, said defendant, at said Bangor, on the day of the purchase of this writ, promised the plaintiff to pay him said last named sum on demand ; and plaintiff claims a lien upon the said logs and lumber, under the laws of this state, for said sum so due, and brings this suit to enforce and secure the same."

The officers return on said writ is as follows :

"PENOBSCOT, ss.   On this sixteenth day of August, A. D. 1872, at 3 o'clock in the afternoon,

By virtue of this writ I have attached as the logs within named, and simultaneously with attachments made by me by virtue of sixteen other writs, all against the same defendant and logs, bearing the same date, and returnable to the same court to which this writ is returnable, and each writ sued out for the purpose of enforcing a lien claimed by the plaintiff therein, for personal services in cutting and hauling the same, nineteen hundred and forty-five spruce and hemlock logs marked as herein described, and at the direction and with the approval of the attorneys for plaintiff, have taken a receipt therefor, furnished by A. C. Ayers, of and for firm of Shaw & Ayers, who claimed to own said logs so attached, and who thereupon took possession of the same."

*Record as extended Oct. Term,* 1876.

No. 36—SHERIDAN *vs.* IRELAND AND LOGS.

John Sheridan, of Exeter, in the county of Penobscot, plaintiff,

vs.

Daniel E. Ireland, of said Exeter, and also the hemlock, spruce,

hard wood and pine logs in Penobscot river, in and below Penobscot boom, marked NXVIIXI, defendants.

Plea of the case.   Declaration, count upon an account annexed.

Writ dated August 14, 1872.   Attachment August 16, 1872. Service Sept. 12, 1872.   This action was entered at the October term, A. D. 1872, and judgment was rendered at this term, October 3, A. D. 1876, for plaintiff against defendant and the logs, for ninety-one dollars and ten cents damages, and seventy-nine dollars and forty cents costs of suit.

Execution issued October 10, 1876.

### DESIRED AMENDMENT OF THE RECORD.

No. 36, October term, 1876.

John Sheridan of Exeter, in the county of Penobscot, vs. Daniel E. Ireland of said Exeter, and also hemlock, spruce, hard wood and pine logs, in Penobscot river and below Penobscot boom, marked NXVIIXI, in a plea of the case; for that the said defendant at said Bangor, on the day of the purchase of this writ, being indebted to the plaintiff in the sum of seventy-six dollars according to the account annexed, then and there, in consideration thereof, promised the plaintiff to pay him that sum on demand. And the plaintiff claims to have a lien on said logs for personal services in cutting and hauling the same during the past winter to the amount of $76, and this action is brought to enforce said lien according to the statute in such cases made and provided. Also, for that said plaintiff, heretofore, to wit, during the winter and spring last past, had, at the request of said defendant, labored in said state of Maine, at cutting and hauling, on and from a place called Kossuth, or township No. 7, into the waters of Penobscot river, and its tributaries, and to the Penobscot boom, certain hemlock, hard wood, spruce and pine logs, masts, spars, and lumber of the following marks, to wit, NXVIIXI, and the sum and balance actually due and unpaid, of the amount stipulated by defendant to be paid to the plaintiff for his personal services therein, was and is the sum of seventy-six dollars (as is specified in the annexed account) and in consideration of the premises, said defendant, at said Bangor, on the day of the purchase of this writ, promised the plaintiff to pay him the last named sum on

demand ; and plaintiff claims a lien upon the said logs and lumber under the laws of this state, for said sums so due, and brings this suit to enforce and secure the same. Yet, though often requested, said defendant has not paid said sum, nor any part thereof, but neglects and refuses so to do, to the damage of the said plaintiff (as he says,) the sum of two hundred dollars, which shall then and there be made to appear with other due damages.

This writ was dated the fourteenth day of August, A. D. 1872, and the said logs attached on the 16th day of said August, and service made on said defendant September 12th, 1872, and the action entered in this court at the October term, A. D. 1872, at which term the plaintiff appeared to prosecute his said action; but the personal defendant —Daniel E. Ireland—did not appear, although called to come into court, &c., but made default ; and said action was thence continued from term to term to the January term, A. D. 1874, at which term the plaintiff appeared and moved the court for notice of this suit to be given to the owners of said logs and lumber ; and thereupon the court ordered that notice of this suit be given to the owners of said logs and lumber, by publication in the Bangor Courier, three weeks successively, the last publication to be thirty days before the next term of this court, and the action was thence continued to the next April term of this court, at which term notice of this suit to the owners of said logs and lumber, as ordered, was proved to the satisfaction of the court, and the case was thence continued from term to term to the October term, A. D. 1875, at which term the plaintiff appears, and Whiting S. Clark, Esq., appears for said logs, and Shaw & Ayers, owners of said logs and lumber ; and for plea say they never promised the plaintiff in manner and form as he in his writ and declaration hath alleged against them, and of this put themselves on their country, by W. S. Clark, their attorney ; and the plaintiff, likewise, by Barker & Son, his attorneys ; and the said owners of said logs and lumber, for a further brief statement, say that they deny that the plaintiff has any lien on said logs and lumber, as he in his writ and declaration has alleged, for the reason that the said logs were not attached within sixty days after their arrival at the place of destination for sale,

and allege that said logs and lumber were for sale, and that their place of destination for sale was Penobscot boom.

Whereupon the cause was opened to the jury, and before verdict the cause was withdrawn from the jury by agreement of the parties and submitted upon report to the law court then next to be held at Bangor, in and for the eastern district, to render such judgment as the legal rights of the parties require; and said action was thence continued from term to term to this term when the said law court ordered "judgment for the plaintiff against the personal defendant and against the logs."

"It is therefore, considered and adjudged by the court that the said John Sheridan recover judgment against Daniel E. Ireland and said logs, marked NXVIIXI, the sum of ninety-one dollars and ten cents debt or damage, and costs of suit taxed at seventy-nine dollars and forty cents.

Ex'on issued October 10, 1876."

STATE OF MAINE.

Penobscot ss.                                    Supreme Judicial Court.

Law Term, Eastern District, 1879.

Gustavus S. Bean *vs.* Ariel S. Ayers et als.

Supplemental report.

This case was made up, signed by the presiding judge, and printed and placed in the hands of the clerk of courts, and a copy was given to counsel.

Afterwards the plaintiff, not being satisfied with his amendment of the records, which he was allowed by court to make, (as appears by desired amendment of record) revised his said amendment, withdrew the original amendment and the printed copies—which the clerk had compared and certified—had his revision printed and attached to the copies, as now appears in the report, and immediately sent two copies to counsel for defendants and returned the papers as amended by him without leave of court to the clerk of courts.

W. S. Clark, counsel for the defendants, informed the clerk that he objected to what had been done, and requested him not to certify them.

Thereupon the plaintiff at the coming in of the court on Monday, June 16th, 1879, after a full statement of facts, asked for such suggestion or order as the rights of the parties require, defendants' counsel being present and objecting. And the court suggested that the plaintiff move to amend his suggested amendment of the extended records, and the case go to the law court as originally certified by the clerk, the law court to allow the amendment proposed or not, as the rights of the parties require. And thereupon the plaintiff moved to amend by substituting for the last part of the printed case the following, viz., the defendant objecting :

"Action was thence continued from term to term to the April term of this court, when the said law court ordered "judgment for the plaintiff against the personal defendant and against the logs," and said action was further continued to this term.

"It is, therefore, considered and adjudged by the court that the said John Sheridan has a lien upon so many of said logs as were attached on the original writ, for his personal labor in cutting and hauling the same; and that he recover judgment against Daniel E. Ireland and said nineteen hundred and forty-five spruce and hemlock logs, marked NXVIIXI, being the same attached on and described in said writ, the sum of ninety-one dollars and ten cents debt or damage, and costs of suit taxed at seventy-nine dollars and forty cents.

Ex'on issued October 10, 1876."

The defendant denies that the amendment was in accordance with the fact.

The proposed amendment is reported to the full court with the above statement of facts, and subject to such action as the court deem proper as to its consideration.

*L. Barker, T. W. Vose & L. A. Barker*, for the plaintiff.

*W. S. Clark ( W. H. McCrillis* with him) for the defendants, in a very elaborate and lengthy brief, among other things, contended :

I. Smith & Ayers, the owners of the logs attached in the original lien actions involved in this suit, are under no legal equitable

or even moral obligation to pay the debts in question. *Bicknell* v. *Trickey*, 34 Maine, 273, 281.

II. The plaintiff, to sustain his writ, has put in defendants' receipt, with evidence of demand thereon, after judgment in the suits wherein the receipt was given; also, the original writs, the alleged judgments thereon, and the executions issued on the judgments.

The defendants have put in evidence that Shaw & Ayers were owners of the logs; and that the defendants have restored the logs to the owners.

The question is—Which has the best title?

III. As the logs have been restored to the owners, the defendants were under no liability on the demand of the officer, to restore them to him, unless he had a right to them for the benefit of the plaintiffs in the original actions, and by virtue of valid lien judgments *in rem* against the logs rendered in those actions.

The plaintiffs in those actions had no legal right to call on the officer for the logs, unless they had obtained valid lien judgments *in rem.* The officer was under no liability to those plaintiffs, unless the plaintiffs had such judgments *in rem.* The logs had been restored to the owners, and the officer was under no liability to them. Therefore, if the officer was under no liability to the plaintiffs in the original lien writs, his liability was wholly terminated. And that terminates the liability of the defendants as receipters. *Sawyer* v. *Mason*, 19 Maine, 49. *Moulton* v. *Chapin*, 28 Maine, 505. *Plaisted* v. *Hoar*, 45 Maine, 380. *Mitchell* v. *Gooch*, 60 Maine, 110. *Butterfield* v. *Converse*, 10 Cush. 317. *Shumway* v. *Carpenter*, 13 Allen, 68.

IV. In these cases the logs were not attached "as the property of the defendant," but simply and solely in pursuance of the *in rem* command in the writ, by an attachment *in rem.* So far as the proceedings "in ordinary actions of assumpsit" are concerned, there was no attachment of the logs on these proceedings. To constitute any attachment of the logs on these proceedings, the logs must be attached and the officer's return must be "in the usual and common" and indispensable form, "as the property of the defendant." *Bicknell* v. *Trickey, supra. Redington* v. *Frye*, 43 Maine, 586. *Parks* v. *Crockett*, 61 Id. 489.

V. The alleged judgments are invalid—which appear upon inspection of the record.

1. Because the alleged judgments do not show notice to log owners.

2. Because the alleged judgments do not show the "nature" of the judgments rendered against the logs.

3. Because the alleged judgments do not appear or purport to be rendered by the court.

4. Because the alleged judgments do not show that they were rendered by the court upon a hearing of the parties, or on default after notice to log owners.

5. Because the alleged judgments do not show the grounds of the sentence against the logs.

6. Because the alleged judgments do not show that the court adjudged that the plaintiffs had a lien on the logs attached.

3 Black. 395-6. Const. Maine, § 7, art. 1. Amend. Const. U. S. art. 5. Stat. 1874, c. 196. Cool. Con. Lim. 335. Freeman Judg. §§ 37, 50, 52. *Meeker* v. *Van Ransalaer*, 15 Wind. 397. *Jones* v. *Woolson*, 5 Yerg. 427. *Davidson* v. *Murphy*, 13 Conn. 213. *Baker* v. *Bronson*, 5 Blatch. C. C. 5. *Taylor* v. *Runyan*, 3 Clarke, 474. *Wheeler* v. *Scott*, 3 Wis. 362. *Martin* v. *Bernhardt*, 39 Ill. 9. *Hinson* v. *Wall*, 20 Ala. 298.

As to the fifth defect—Being a judgment *in rem*, the grounds of the judgment must appear in the record. Freeman on Judg. § 618. *Bernardi* v. *Motteux*, 2 Doug. 575. *Lothian* v. *Henderson*, 3 B. &. P. 499. *Calvert* v. *Bovill*, 7 T. R. 523. *Pollard* v. *Bell*, 8 T. R. 434. *Fisher* v. *Ogle*, 1 Camp. N. P. 419. *Robinson* v. *Jones*, 8 Mass. 536. *Fitzsimmons* v. *Newport Ins. Co.*, 4 Cranch. 185.

As to 6th defect, see *Annis* v. *Gilman*, 47 Maine, 152. *Thompson* v. *Gilmore*, 50 Id. 436. Counsel claimed defects of such a nature in the original writs that no valid judgment could be entered against the logs, and cited, 1 Mass. 181. 17 Id. 229. 1 Pick. 368, 162. 8 Id. 83. 32 Maine, 178, and as to liability of receipters. *Albee* v. *Ward*, 8 Mass. 79, and cases there cited.

As against the rights of third parties, the court will not enter a judgment, *nunc pro tunc*, nor allow an amendment, *nunc pro*

*tunc.* *Jay* v. *Carthage*, 48 Maine, 353. *Glidden* v. *Philbrick*, 56 Maine, 222. *Pierce* v. *Strickland*, 26 Maine, 217. *Milliken* v. *Bailey* , 61 Maine, 316. Freeman on Judg. §§ 66, 68.

Nor will the court allow a judgment to be vacated and a new judgment entered to revive an attachment in that way. *Sugdam* v. *Hegguford*, 23 Pick. 465. *Leighton* v. *Reed*, 28 Maine, 87. *Fairfield* v. *Paine*, 23 Id. 42.

More especially courts will not erase their judgments and say they shall stand for nought, and new entries of the same judgment made at a future term, when third parties, sustaining the relation of bail or surety, are to be made liable in this way to respond to the new judgment. Amendment without leave is contempt and void. *Bank* v. *Hewey*, 21 Maine, 38. *Childs* v. *Ham*, 23 Maine, 74. *Fletcher* v. *Pratt*, 4 Vt. 182. *Brainerd* v. *Withey*, 5 Vt. 97. *Orvis* v. *Isle La Mott*, 12 Vt. 195. *Smith* v. *Howard*, 41 Vt. 74.

PETERS, J. This is an action by an officer upon an accountable receipt. The defense is, that no valid judgment was rendered in the original suit. To establish this defense, it is not enough to show that there were errors and irregularities of a merely formal character in the former proceedings. It must appear that the judgment rendered was utterly void. *Brown* v. *Atwell*, 31 Maine, 351. *Drew* v. *Livermore*, 40 Maine, 266. *Thompson* v. *Smiley*, 50 Maine, 67.

I. Are there any fatal deficiencies in the original writ? None are pointed out to us that we can regard as anything more than merely formal and technical matters such as are cured by the judgment, even if they would have been open in the original cause to special demurrer.

II. Was the officer's return valid? He was directed in the writ (*in rem*) to attach pine, spruce, hemlock and hard wood logs of a certain mark. He omitted to take the pine and hard wood, but attached the others. He attached less and not more than he was directed to. This point fails.

III. Was the judgment valid as rendered by the court? This is a more important question. But the objection raised here has not foundation to rest upon. The order from the law court was

this : "Judgment for the plaintiff vs. the personal defendant and against the logs." Against what logs ? The argument by the defendants is, that it may mean the logs declared against in the writ, rather than the logs attached upon the writ, not necessarily being the same logs. But what logs had the court been consider· ing ? What logs had been before the court and constructively in its possession ? The process was *in rem*. As in an action of replevin, the return of the officer becomes a part of the declaration, limiting its operation to the articles actually taken and attached. See *State* v. *Howley*, 65 Maine, 101, and cases cited. The logs attached were before the court, and the litigation related to them and nothing else. Can it be supposed that the court had been deliberately considering the right of the plaintiff to have judgment against logs that he had never attached ? What did the court mean by "the logs" ? Courts are ·in the habit of using abbreviations and short formulas to indicate what would require many more words to express in full. Suppose an action of replevin is instituted against two vessels, one only being found and returned by the officer as attached, would the words "judgment for return," sent down from the law court, be understood to apply to any other than the vessel attached ? The logs attached were in one sense a defendant. The mandate from the law court went against them as a defendant, describing them with the same certainty that it described the personal defendant.

IV. A valid judgment having been rendered, is the record of the judgment sufficient to establish the plaintiff's claim ?

It is immaterial in this case whether the record is defective or not, if it is by permission of court amended. The vital thing is the judgment. The record is only evidence of the judgment, and if erroneous, it fails truly to represent the judgment. For the purposes of this case, there was no need of any record, beyond the papers on file and the docket entries, which are a record of themselves. *Willard* v. *Whitney*, 49 Maine, 235. The only object of a more formal record is to avoid the danger of losing original papers and of mistaking, after a lapse of time, the meaning of brief docket entries which are sometimes obscure and difficult to understand. *Garfield* v. *Bemis*, 2 Allen, 445. A book

of judgment records is to the clerk what a ledger is to a mercantile book-keeper. When the record is made up, however, it is not subject to explanation or contradiction by evidence outside of it. If there be error in it, it can only be corrected by the court. See cases *supra*; also *Noyes* v. *Newmarch*, 1 Allen, 51.

Why not correct an erroneous record, if the judgment be right? Why should it not be made to tell the truth? It is but a form. The error is usually a clerical one. It is the result of an attempt of a clerk to obey the direction of the court, failing to do so. It would be strange if slips and inadvertencies did not occur in extending the records. The work cannot be done under the eyes of the judges. The law expects deficiencies and diminutions of the records, and provides (R. S., c. 79, § 10) that the court, as often at least as there is a change of clerk, shall cause the records to be examined, and when deficient shall "direct them to be immediately made or corrected." It would be a misfortune if the corrections could not be made. It is contended that an amendment would work injustice in the present instance because the defendants are in the situation of bail or sureties. But the defendants are presumed to know what the judgment itself was and that it is valid. In legal intendment, they are presumed to know that if the clerk has made a mistake it can be and should be corrected. "It makes no difference that the amendment affects third persons; all amendments more or less affect third persons," says Spenser, J., in *Close* v. *Gillespey*, 3 Johns. 526. Of course, there may be cases when it would not be in the furtherance of justice to allow an amendment. *Hayford* v. *Everett*, 68 Maine, 505. But the court may allow an amendment of a mistake committed by its recording officer, when such amendment will be in furtherance of justice, and when the party to be affected thereby will not be subjected to any loss or inconvenience other than what he would have been subjected to had the record been originally in proper form. *Caldwell* v. *Blake*, 69 Maine, 458. In this view our decisions all concur. See cases *supra*. *Hall* v. *Williams*, 10 Maine, 286. *Glidden* v. *Philbrick*, 56 Maine, 222. *Knight* v. *Taylor*, 67 Maine, 591. A judgment is one thing; the record of a judgment is another thing. The one is a judicial act; the other

a clerical act only. In most of the cases cited by the defendants, the difficulty was in the judgment pronounced by the court.

We think it unnecessary to decide whether the record, as it stands, is deficient or not, as it may be made full and complete by amendment. The amendment last asked for will make it good. The subject matter of this suit has been five times before this, in different forms, presented upon questions of law to the court. We have carefully examined the elaborate and able brief of the defendants' counsel, who has "kept the flag flying to the end," but are unable to agree with his views. *Interest reipublicæ ut sit finis litium.*

*Amendment allowed.*

*Defendants defaulted.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.